MINTON, Judge.
 

 Scottie Elkins appeals from a judgment of the Laurel Circuit Court sentencing him to seven years following his plea of guilty to criminal attempt to manufacture methamphetamine. We affirm.
 

 Elkins argues that the circuit court abused its discretion in refusing to allow him to withdraw his guilty plea prior to sentencing. He maintains that
 
 Kotila v. Commonwealth,
 

 [1]
 

 published in the period between the entry of his plea and his sentencing hearing, effectively precluded his liability for the crime to which he pleaded guilty and thereby rendered his plea unintelligent and involuntary.
 

 In November 2002, Elkins was charged with possession of anhydrous ammonia with intent to manufacture methamphetamine. The indictment was subsequently amended to a charge of manufacturing methamphetamine by knowingly and unlawfully possessing the chemicals and equipment for the manufacture of methamphetamine with the intent to do so. Elkins initially entered a plea of not guilty but then decided to accept the Commonwealth’s offer on a plea of guilty that included a reduction of the charge from manufacturing methamphetamine, a class B felony, to criminal attempt to manufacture methamphetamine, a class C felony. The Commonwealth recommended a sentence of seven years. Elkins entered a plea of guilty on June 2, 2003. At his sentencing hearing on June 20, 2003, against his attorney’s recommendation, El-kins moved to withdraw his guilty plea, citing
 
 Kotila v. Commonwealth,
 
 which was published on June 12, 2003.
 
 [2]
 
 The circuit court refused to grant his motion and entered final judgment and sentence in accordance with the plea agreement.
 

 KRS 218A.1432(1) provides:
 

 A person is guilty of manufacturing methamphetamine when he knowingly and unlawfully:
 

 (a) Manufactures methamphetamine; or
 

 (b) Possesses the chemicals or equipment for the manufacture of methamphetamine with the intent to manufacture methamphetamine.
 

 In
 
 Kotila,
 
 the Kentucky Supreme Court interpreted the wording of the statute to mean that in order for a defendant to be found guilty under part (b), he or she has to possess
 
 all
 
 the chemicals necessary for the manufacture of methamphetamine.
 
 [3]
 

 
 *286
 
 Elkins argues that because the initial charge against him was for possession of one ingredient only (anhydrous ammonia), under
 
 Kotila,
 
 he could not possibly have been found guilty of manufacturing methamphetamine. Elkins maintains that because the state of the law was unsettled when he entered his plea, pending the outcome in
 
 Kotila,
 
 the plea was necessarily involuntary and unintelligent. He argues that he did not have real notice of the charge against him or an understanding of what he was being asked to admit. Consequently, he asserts, the circuit court abused its discretion in refusing to allow him to withdraw the plea.
 

 Kentucky Rules of Criminal Procedure (RCr) 8.10 provides that a plea of guilty may be withdrawn. The motion to withdraw must be granted if the plea was involuntary.
 
 [4]
 
 If the plea was voluntary, however, the decision to allow the withdrawal is within the trial court’s discretion.
 
 [5]
 
 A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by legal principles.
 
 [6]
 

 Generally, a plea cannot be automatically rendered involuntary by a subsequent change in the relevant law. In
 
 Brady v. United States,
 

 [7]
 

 the United States Supreme Court held that a plea was not rendered involuntary simply because a subsequent case held that the maximum possible penalty for the crime was less than the defendant was told at the time his plea was entered. The Court reasoned as follows:
 

 [A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant’s lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.
 
 [8]
 

 Arguably, Elkins’s situation is distinguishable from that of the defendant in
 
 Brady.
 
 In Elkins’s case, the issue is the defendant’s knowledge or understanding of the prerequisites or preliminary proof required to sustain a charge pursuant to the statute under which he is being charged, whereas, in
 
 Brady,
 
 the issue was the impact of the defendant’s knowledge or understanding of the potential length of the sentence on his decision to plead guilty.
 

 This distinction is not critical, however, because we are simply not convinced that even under the holding in
 
 Kotila,
 
 Elkins’s conduct could not meet the elements for criminal attempt to manufacture methamphetamine. The Kentucky Supreme Court stressed that its decision in
 
 Kotila
 
 did “not mean that there could never be a conviction of criminal attempt to manufacture methamphetamine.”
 
 [9]
 
 The Court went on to explain as follows:
 

 For example, a defendant who possessed less , than all the necessary chemicals to manufacture methamphetamine could be convicted of criminal attempt to violate
 
 *287
 
 KRS 218A.1432(l)(a) if he had already begun the manufacturing process. [...] Or, the defendant may engage in other actions leaving no reasonable doubt of a criminal intent.
 
 [10]
 

 An examination of the record in this case reveals that Elkins may well have possessed all of the ingredients to manufacture methamphetamine, notwithstanding the fact that the initial charge against him was for possession of anhydrous ammonia only. The post-arrest complaint in the police citation states that Elkins “had in his possession all the precursor[s] to manufacture methamphetamine.” (Emphasis added.) It further specifies that “subject had several packs of pseudophed-rine, lithium batteries, 62 grams of crushed pseudophedrine,” as well as “a propane tank filled with anhydrous ammonia” in the back seat of his car. Therefore, although the citation specifically lists only three of the six ingredients necessary to the manufacture of methamphetamine (the remaining ingredients being salt, drain cleaner, and ether),
 
 [11]
 
 the fact that a considerable quantity of the pseudophed-rine tablets was described as being crushed suggests that Elkins may have “begun the manufacturing process” as it is described in
 
 Kotila.
 
 The complaint also states that the “subject [Elkins] openly admitted to making methamphetamine.” (Emphasis added.)
 

 From the evidence in the record, therefore, Elkins allegedly had in his possession all the ingredients for the manufacture of methamphetamine, or had started to manufacture methamphetamine as evidenced by the crushed pseudophedrine tablets. Furthermore, he allegedly admitted as much to police. This evidence was more than adequate to sustain a charge of attempt to manufacture methamphetamine under the law as it stood both before and after the decision in
 
 Kotila.
 

 Elkins has drawn our attention to a Fifth Circuit Court of Appeals case,
 
 United States v. Presley,
 

 [12]
 

 in which it was held that the defendants should have been allowed to withdraw them guilty pleas prior to sentencing due to an intervening United States Supreme Court opinion. We note that this case is not binding precedent
 
 [13]
 
 and that it has been treated critically in other jurisdictions.
 
 [14]
 
 Furthermore, the case is distinguishable because the intervening Supreme Court opinion drew into serious question the jurisdiction of the federal district court.
 
 [15]
 
 The Fifth Circuit was concerned that the appellants may have been “sentenced for acts which may not have constituted a federal offense.”
 
 [16]
 
 By contrast, in Elkins’s case, as we have noted, the description in the police citation contains sufficient factual predicates to sustain a charge under the interpretation of the statute in
 
 Kotila. Kotila
 
 did not in any way alter the underlying circumstances of Elkins’s plea in such a way as to render it involuntary. The circuit court did not, therefore, abuse its discretion in refusing to allow Elkins to withdraw his guilty plea.
 

 
 *288
 
 For the foregoing reasons, the order of the Laurel Circuit Court is affirmed.
 

 ALL CONCUR.
 

 [1]
 

 . Ky., 114 S.W.3d 226 (2003).
 

 [2]
 

 .
 
 Id.
 

 [3]
 

 . Id.
 
 at 240-41.
 

 [4]
 

 .
 
 Rodriguez
 
 v.
 
 Commonwealth,
 
 Ky., 87 S.W.3d 8, 10 (2002).
 

 [5]
 

 .
 
 Id.
 

 [6]
 

 .
 
 Goodyear Tire and Rubber Co. v. Thompson,
 
 Ky., 11 S.W.3d 575, 581 (2000).
 

 [7]
 

 . 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
 

 [8]
 

 .
 
 Id.,
 
 397 U.S. at 757, 90 S.Ct. 1463.
 

 [9]
 

 . Kotila,
 
 114 S.W.3d at 245.
 

 [10]
 

 .
 
 Id.
 
 at 245.
 

 [11]
 

 .
 
 See id.
 
 at 236.
 

 [12]
 

 . 478 F.2d 163 (5th Cir.1973).
 

 [13]
 

 .
 
 See Presnell Constr. Managers, Inc. v. EH Constr., LLC,
 
 Ky., 134 S.W.3d 575, 581 (2004).
 

 [14]
 

 .
 
 See United States v. LeFaivre,
 
 507 F.2d 1288, 1297, n. 13 (4th Cir.1974).
 

 [15]
 

 .
 
 See United States v. Ramos,
 
 923 F.2d 1346, 1359 (9th Cir.1991).
 

 [16]
 

 .
 
 Presley,
 
 478 F.2d at 167.