626 S.E.2d 888

**The STATE, Respondent,**

v.

**Eric Dale MORGAN, Appellant.**

**No. 26116.**

Supreme Court of South Carolina.

Heard Jan. 17, 2006.

Decided Feb. 21, 2006.

616

---

Acting Chief Attorney Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Harold W. Gowdy, III, of Spartanburg, for respondent.

Acting Chief Justice MOORE:

Pursuant to *Roper v. Simmons,* 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), we vacate appellant's sentence of death and remand to the trial court for re-sentencing.

## FACTS

Appellant was charged with murder, armed robbery, and possession of an explosive device. The charges resulted from the murder and armed robbery of a convenience store employee on May 3, 2000. Appellant admitted shooting the victim once in the head as the victim was closing the store and then stealing a bag the victim was carrying that contained more than $7000. Appellant and his accomplice, who had been hired at the store a week before the incident, had originally planned to blow a hole in the back wall of the store with a pipe-bomb after it closed. Following a trial, appellant was found guilty as charged.

The State sought the death penalty, relying on two aggravating statutory circumstances: (1) the murder occurred during the commission of an armed robbery, and (2) the murder occurred during the commission of larceny while armed with a deadly weapon. *See* S.C.Code Ann. §§ 16–3–20(C)(a)(1)(d) and (e) (2003). At sentencing, the defense relied on three mitigating circumstances: (1) the defendant had no significant history of prior criminal conviction involving the use of violence against another person; (2) the age or mentality of the defendant at the time of the crime; and (3) the defendant was below the age of eighteen at the time of the crime. *See* §§ 16–3–20(C)(b)(1), (7), and (9) (2003).

The jury found both statutory aggravators and appellant was sentenced to death on the murder charge. On the charge of armed robbery, appellant was sentenced to an imprisonment term of thirty years. On the charge of possession of an explosive device, he was sentenced to an imprisonment term of fifteen years to be served consecutively to the armed robbery sentence.[1]

Subsequently, the United States Supreme Court decided *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). The *Roper* court held that the execution of individuals who were under eighteen years of age at the time of their capital crimes is prohibited by the Eighth and Fourteenth

---

1. Appellant's sentences on the charges of armed robbery and possession of an explosive device are unaffected by this decision.

Amendments of the United States Constitution.[2]  Accordingly, appellant's sentence of death is vacated.

## ISSUE

Should appellant be allowed to present evidence on a remand for re-sentencing that he is entitled to a sentence less than life imprisonment?

## DISCUSSION

The parties disagree on the appropriate procedure on a remand for re-sentencing.  The State argues the matter should be remanded to the trial court for the sole purpose of sentencing appellant to life imprisonment without the possibility of parole.  The State contends life without parole is the only alternate sentence because the jury found two aggravating circumstances.  The State bases its argument on the portion of S.C.Code Ann. § 16–3–20(A) (Supp.2005) which states, "If the State seeks the death penalty and a statutory aggravating circumstance is found beyond a reasonable doubt ..., and a recommendation of death is not made, the trial judge must impose a sentence of life imprisonment."  The State argues that where it has sought the death penalty and the jury has found aggravating circumstances, the only available sentence other than death is life imprisonment.

Appellant, however, contends that, on remand, he should be allowed to argue that he should be sentenced to something less than life imprisonment without parole.  Appellant is correct.  Pursuant to *Roper v. Simmons, supra*, appellant's death sentence is prohibited.  The portion of § 16–3–20(A) cited by the State does not apply to appellant.  Further, on remand, whether the jury found certain aggravating circumstances at his sentencing proceeding is irrelevant because the discussion of aggravators arises only when the State seeks the death penalty, which the State cannot do in this case.

We therefore look to § 16–3–20(A) for guidance on how a person convicted of murder and who is not subject to the

---

**2.**  Both the State and appellant agree that appellant was seventeen years old at the time of the murder.  The record indicates appellant's birthday is May 19, 1982.

death penalty should be sentenced. Section 16–3–20(A) provides that "[a] person who is convicted of . . . murder must be punished by . . . imprisonment for life, or by a mandatory minimum term of imprisonment for thirty years." Therefore, on remand, the trial court may receive additional evidence on the question of whether appellant is entitled to receive a sentence less than life imprisonment and decide on a sentence that ranges from a mandatory minimum imprisonment term of thirty years to life imprisonment.

**VACATED AND REMANDED.**

BURNETT, PLEICONES, JJ., Acting Justice CLYDE N. DAVIS, JR., and Acting Justice EDWARD B. COTTINGHAM, concur.