**Montie GUSSLER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–CA–000754–MR.

Court of Appeals of Kentucky.

July 20, 2007.

Discretionary Review Denied by Supreme Court Oct. 24, 2007.

Rebecca Hobbs, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; NICKELL and WINE, Judges.

## OPINION

NICKELL, Judge.

Montie Gussler (hereinafter "Gussler") appeals from the Lawrence Circuit Court's March 10, 2006, order denying his RCr [1] 11.42 and CR [2] 60.02 motions requesting a new sentencing hearing. Gussler further appeals from the March 23, 2006, denial of his motion to alter, amend, or vacate the March 10, 2006, order. For the following reasons, we affirm.

On October 10, 1986, Gussler was indicted by a Lawrence County grand jury for two counts of murder,[3] kidnapping,[4] burglary in the second degree,[5] two counts of arson in the first degree,[6] arson in the second degree,[7] theft by unlawful taking over $100.00,[8] and robbery in the first degree.[9] A separate indictment entered the same day charged Gussler with receiving stolen property over $100.00.[10] Gussler entered a guilty plea to all charges on March 30, 1987, and was sentenced on July 14, 1987, to life imprisonment without the possibility of parole for 25 years.[11] Gussler filed a motion for relief pursuant to RCr 11.42 on February 5, 1993, which the trial court denied in September 1993. Gussler filed a subsequent RCr 11.42 motion in February 1994 which was also denied by the trial court. It appears from the record before us that no appeal was taken from either of these denials. Furthermore, as Gussler entered a guilty plea to all charges, there was no direct appeal of his conviction.

On February 21, 2006, Gussler moved the circuit court for a new sentencing hearing pursuant to CR 60.02 and RCr 11.42. The filing of this motion was predicated upon the rendering of the United States Supreme Court's opinion in *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). *Roper* overruled the earlier United States Supreme Court opinion in *Stanford v. Kentucky*, 492 U.S. 361,

1. Kentucky Rules of Criminal Procedure.

2. Kentucky Rules of Civil Procedure.

3. Kentucky Revised Statutes (KRS) 507.020.

4. KRS 509.040.

5. KRS 511.030.

6. KRS 513.020.

7. KRS 513.030.

8. KRS 514.030.

9. KRS 515.020.

10. KRS 514.110.

11. As several of the offenses for which Gussler stood charged were capital offenses, he was eligible to receive the death penalty. Based upon negotiations with the prosecution, Gussler was able to exclude the death penalty sentence from consideration.

109 S.Ct. 2969, 106 L.Ed.2d 306 (1989), which held that death sentences passed constitutional muster for juveniles between the ages of 15 and 18 who committed capital crimes. *Roper*, however, found such sentences to be unconstitutional, reasoning that juveniles had diminished culpability due to their age. Gussler argued he fell squarely within the mandates of *Roper*, thereby entitling him to a new sentencing hearing. Gussler's motion was denied on March 10, 2006. On March 20, 2006, Gussler filed a motion to alter, amend, or vacate the March 10, 2006, order, which motion was denied on March 23, 2006. This appeal followed.

On appeal, Gussler renews his argument presented to the trial court that *Roper* mandates he be given a new sentencing hearing. Having reviewed that Opinion and the record on appeal, we find this argument to be without merit. The Supreme Court in *Roper* drew a bright line in stating "[t]he Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed." *Roper*, 543 U.S. at 578, 125 S.Ct. 1183. The holding does not affect the imposition of a sentence of life imprisonment without the possibility for parole for a minimum of 25 years, the sentence imposed in the case *sub judice*. Gussler has presented no compelling evidence or argument to justify an extension of the *Roper* decision, and we decline to entertain such an expansive reading thereof. We agree with the Commonwealth that the decision in *Roper* should be strictly construed and applied.

Gussler contends, without citation to the record, that his guilty plea in the circuit court was made in order to avoid the imposition of the death penalty. He now argues the Commonwealth's offer "to recommend a sentence less than death

has become meaningless" as *Roper* now forbids the imposition of such sentences. In light of this holding, Gussler contends he has been deprived of the benefit of his bargain. We find this position to be untenable. Gussler knowingly, voluntarily, and intelligently entered into a plea agreement in order to receive what was then, and is still today, a constitutionally valid sentence for his multiple crimes. The mere fact the law has changed such as to lower the ceiling of possible sentences can in no way be seen to deprive him of the benefit he received from his bargain. "Generally a plea cannot automatically be rendered involuntary by a subsequent change in the relevant law." *Elkins v. Commonwealth*, 154 S.W.3d 298, 300 (Ky. App.2004). *See also Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (holding guilty pleas are not invalid merely if entered to avoid the possibility of the death penalty). The trial court correctly overruled Gussler's motion for a new sentencing hearing.

For the foregoing reasons, the judgment of the Lawrence Circuit Court is affirmed.

ALL CONCUR.