**Derek Bradford McSTOOTS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–CA–000857–MR.

Court of Appeals of Kentucky.

July 27, 2007.

Discretionary Review Denied by Supreme Court March 12, 2008.

Rebecca Hobbs, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; NICKELL and WINE, Judges.

*OPINION*

WINE, Judge.

On October 3, 1995, a Grayson County grand jury indicted Derek Bradford

McStoots with two counts of murder and one count of robbery in the first degree. The charges involved the brutal robbery and murder of McStoots's parents. McStoots was sixteen years old at the time the offenses were committed. McStoots initially entered a plea of not guilty to the charges.

On November 7, 1995, the Commonwealth gave notice that it intended to seek the death penalty against McStoots. Thereafter, on May 21, 1996, McStoots accepted the Commonwealth's offer on a plea of guilty. In exchange for his guilty plea to the charges, the Commonwealth recommended sentences of life imprisonment without parole for twenty-five years on each count of murder and ten years on the robbery charge. The trial court accepted the guilty plea and sentenced McStoots in accord with the Commonwealth's recommendation.

On February 20, 2006, McStoots filed a motion requesting a new sentencing hearing pursuant to CR 60.02(e) & (f) and RCr 11.42. The trial court denied the motion, concluding that McStoots was not entitled to the requested relief. This appeal followed.

McStoots does not allege that his trial counsel provided ineffective assistance in advising him to plead guilty. Rather, he contends that his plea agreement and sentence should be re-evaluated in light of the recent decision by the United States Supreme Court in *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). In *Roper*, the Supreme Court declared it unconstitutional under the Eighth Amendment for a state to execute any individual who was under the age of eighteen at the time of the offense. In justifying the prohibition of the death penalty on those less than eighteen years of age, the Court pointed to juveniles' lack of maturity, underdeveloped senses of responsibility

and judgment, and susceptibility to peer pressure and negative influences. *Id.* at 569–72, 125 S.Ct. at 1195–96. Based on these considerations, the Court concluded that juveniles lack the culpability necessary to be subject to the death penalty. The Court in *Roper* specifically overruled its prior decision in *Stanford v. Kentucky*, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989), which held that individuals who commit crimes after their sixteenth birthday constitutionally may be subject to the imposition of the death penalty.

■ In light of *Roper*, McStoots argues that he is entitled to a new sentencing hearing at which his age and immaturity can be given proper consideration. Although he did not receive the death penalty for his offenses, McStoots contends that the fact he was subject to it influenced the Commonwealth's offer, his decision to plead guilty, and the trial court's decision to impose the sentence of life without the possibility of parole.

■ We agree with McStoots that the *Roper* decision represents a substantive change in the law which must be applied retroactively to all cases in which the death penalty was imposed on an individual who was under the age of eighteen at the time he committed the offense. *Bowling v. Commonwealth*, 163 S.W.3d 361, 370 (Ky.2005). But we do not agree that the new rule applies retroactively to all cases in which a juvenile was charged with a capital offense, or where the death penalty was sought but not imposed. To the contrary, the holding in *Roper* was specifically limited to death sentences, not to all sentencings of juveniles in capital cases.

■ Nevertheless, McStoots argues that he is entitled to a new sentencing hearing "because the range of punishments considered by and available to the trial court at his original sentencing included an uncon-

stitutional sentence—the death penalty." However, McStoots concedes that his sentence of life without the possibility of parole for twenty-five years was constitutional. As noted above, he does not argue that his plea was unknowing and involuntary, or that his trial counsel was ineffective in advising him to plead guilty and accept the sentence. "Generally, a plea cannot be automatically rendered involuntary by a subsequent change in the relevant law." *Elkins v. Commonwealth*, 154 S.W.3d 298, 300 (Ky.App.2004). *See also Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

There is no evidence the trial court considered imposing the death penalty. Rather, it imposed the sentence which the Commonwealth recommended and to which McStoots himself agreed. Finally, he does not point to any specific evidence which would support a lesser sentence in his case. Consequently, McStoots has failed to provide any factual or legal basis for relief from his sentence under CR 60.02 or RCr 11.42.

Accordingly, the order of the Grayson Circuit Court is affirmed.

ALL CONCUR.