Kunta SIMS, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 2006–CA–001369–MR, 2006–CA–001528–MR.

Court of Appeals of Kentucky.

Sept. 7, 2007.

Timothy G. Arnold, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General, Gregory C. Fuchs, Assistant Attorney General, Frankfort, KY, for appellee.

Before THOMPSON and WINE, Judges; HENRY,[1] Senior Judge.

## OPINION

HENRY, Senior Judge.

In January 1994 when he was 16 years old, the Appellant Kunta Sims and several co-defendants embarked on a crime spree. During the course of this enterprise Sims and his confederates carjacked Shane Pearson. They drove him to a remote location and put him out of the car. He started to leave but returned to the car when called back by the carjackers. Another participant handed Sims a gun, and Sims fired at Pearson twice, striking him once just above the groin. Pearson tried to reach a nearby house to get help, but died before he could get there. Sims and the others were caught and prosecuted for a variety of crimes, including Pearson's murder and the shooting of another person in a subsequent carjacking attempt.

Sims was found to be a youthful offender pursuant to Kentucky Revised Statutes (KRS) Chapter 640 in the McCracken District Court, and his case was transferred to the McCracken Circuit Court for trial as an adult. The Commonwealth's Attorney filed notice of aggravating circumstances, indicating that the Commonwealth would seek the death penalty. As a result of plea negotiations, Sims pleaded guilty to murder in May 1994, and was sentenced to life in prison without the possibility of parole for 25 years. He later pleaded guilty to a number of other felony charges, all of which were to run concurrently with his murder conviction, for a total of life in prison without the possibility of parole for 25 years.

In February 2006, Sims filed a "Motion to Grant New Sentencing Hearing Pursuant to [Kentucky Rules of Civil Procedure] 60.02(e) and (f), and [Kentucky Rules of Criminal Procedure] 11.42." The impetus for filing the motion was the United States Supreme Court's ruling in *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). In that famous case, five members of the Supreme Court, relying on "evolving standards of decency" (*Id. at* 543 U.S. at 563, 125 S.Ct. 1183) and world opinion (*Id. at* 543 U.S. at 575, 125 S.Ct. 1183 *et. seq.*) discovered that the Eighth and Fourteenth Amendments to the United States Constitution will no longer permit the execution of defendants who committed capital murder before they attained age 18.

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

In his motion to the circuit court, Sims argued that the reasoning and effect of the *Roper* decision warranted that he should be granted a new sentencing hearing. Because of language in that decision to the effect that juveniles are "categorically less culpable" than adults, so that they may not lawfully be sentenced to death, Sims reasoned that his bargained-for sentence—now the maximum possible sentence for his offense—might now be considered unconstitutionally excessive. The circuit court denied the motion. Shortly thereafter Sims filed a motion to alter, amend or vacate the order under CR 59.05, citing a South Carolina case, *State v. Morgan*, 367 S.C. 615, 626 S.E.2d 888 (S.C.2006), which would grant a new sentencing hearing to a defendant in Sims' position. The circuit court denied that motion as well.

When the thunderbolt of moral enlightenment strikes the United States Supreme Court, the usual result is a shower of cases precipitated upon state courts. *Roper* has proven to be no exception. Our Court has considered the exact question presented in this case in three cases, all decided within the past two months.[2] In each of those cases the decision of the circuit court affirming the conviction was upheld.

 We agree with the circuit court that Sim's motion is not timely under RCr 11.42(10). Although the rule countenances the retroactive application of constitutional rights "established" after a conviction, it does not avail Sims. The relevant portions of the rule state that:

10) Any motion under this rule shall be *filed* within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

As the circuit court noted, the constitutional right established in *Roper* was that someone who was under 18 when he committed murder cannot be sentenced to death, not that he might escape a life sentence. Indeed, the *Roper* opinion contains an *obiter dictum* to the effect that life imprisonment without the possibility of parole remains a permissible sentence for offenders like Sims. *Roper,* 543 U.S. at 572, 125 S.Ct. 1183. And so, although *Roper* must be given retroactive application in all those cases in which a sentence of death was imposed upon a defendant who was under the age of 18 at the time he committed the crime, *see Bowling v. Commonwealth,* 163 S.W.3d 361, 370 (Ky.2005), this is not such a case.

 Sims makes no claim that his plea was not knowing, voluntary and intelligent at the time it was made. Generally, a voluntary plea of guilty waives all defenses except that an indictment charges no offense. *Quarles v. Commonwealth,* 456 S.W.2d 693, 694 (Ky.1970). A voluntary plea made in consideration of the law as it existed at the time of its entry "does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970).

The circuit court found in Sims' motion no "reason of an extraordinary nature jus-

---

**2.** *Gussler v. Commonwealth,* 236 S.W.3d 22, 2007 WL 2069509, Ky.App., July 20, 2007; *McStoots v. Commonwealth,* —— S.W.3d ——, 2007 WL 2141818, Ky.App., July 27, 2007;

and *Denton v. Commonwealth,* —— S.W.3d ——, 2007 WL 2332062, Ky.App., August 03, 2007.

tifying relief" within the meaning of CR 60.02. The court noted that Sims' youth at the time he murdered Pearson was taken into consideration at the time of his sentencing as required by KRS 532.025(2)(b)(8), and that no further review of that factor is necessary. Nor do we find that any such review is required by the *Roper* decision. We find no abuse of discretion in the circuit court's rulings.

The Orders of the McCracken Circuit Court denying Sims' motions for a new sentencing hearing pursuant to CR 60.02 and RCr 11.42, and denying his motion to alter, amend or vacate that order pursuant to CR 59.05, are affirmed.

ALL CONCUR.