# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: NOVEMBER 2, 2017
NOT TO BE PUBLISHED

Supreme Court of Kentucky FINAL

2016-SC-000593-MR   DATE 11/27/17 Kim Redmon, DC

JULIUS D. THOMAS                                                      APPELLANT

ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.                          HONORABLE MARY M. SHAW, JUDGE
NO. 13-CR-003085

COMMONWEALTH OF KENTUCKY                                              APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Julius D. Thomas, appeals from the Jefferson Circuit Court judgment convicting him of incest, third-degree rape, and third-degree sodomy, and sentencing him to prison for a total of twenty years. The trial court sentenced Appellant in accordance with his penalty agreement with the Commonwealth. Appellant claims the trial court erred by not allowing him to withdraw the penalty agreement. As grounds for relief, he claims that he did not voluntarily and intelligently enter the agreement, and alternatively, the trial court abused its discretion by denying his motion.

For reasons stated below, we affirm the judgment of the Jefferson Circuit Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A jury found Appellant guilty of incest, third-degree rape, and third-degree sodomy. The next day, knowing that the jury could recommend a sentence of up to thirty years in prison, Appellant entered into an agreement with the Commonwealth to forgo his right under KRS 532.055(2) to a penalty-phase hearing before the jury. In exchange for the prosecution's promise to recommend a twenty-year sentence, Appellant promised not to appeal the guilty verdicts. The agreement was memorialized in writing.

After conducting a hearing and finding that Appellant had knowingly and intelligently entered into the agreement, the trial court accepted the agreement in lieu of the formal penalty phase hearing. Almost two months later and prior to final sentencing, Appellant moved to vacate the penalty agreement. He claimed that he was rushed at the time he made the agreement and was not thinking clearly because of his emotional state after receiving the guilty verdicts, that he was not properly informed of the penalty conditions, and that he did not have a fair trial. He moved for a penalty phase hearing before a jury and the restoration of his right of appeal.

The trial court denied Appellant's motion based upon the finding that Appellant had knowingly and voluntarily entered the agreement. Appellant was sentenced pursuant to the agreement and final judgment was entered accordingly. He now appeals the trial court's denial of his motion to withdraw from the penalty agreement.

2

## II. ANALYSIS

### A. Appellant validly waived his right to appeal.

On appeal, Appellant reasserts his argument that he entered into the sentencing agreement involuntarily and without awareness of its consequences; that he has maintained his innocence throughout the proceeding and did not concede guilt by accepting a plea agreement, but instead accepted only a negotiated penalty; and that he felt rushed and coerced into the agreement between the return of the guilty verdicts and pending penalty phase. We review a trial court's finding that a defendant validly waived his right to appeal for clear error. *See Edmonds v. Commonwealth*, 189 S.W.3d 558, 570 (Ky. 2006) (citing *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002); *Elkins v. Commonwealth*, 154 S.W.3d 298, 300 (Ky. App. 2004)).

For a waiver of a constitutional right to be valid, the defendant in a criminal prosecution must voluntarily, knowingly, and intelligently waive the right. *Brady v. United States*, 397 U.S. 742, 748 (1970); *King v. Commonwealth*, 374 S.W.3d 281, 290 (Ky. 2012) (citations omitted). Before accepting a waiver, the trial court must "make an affirmative showing, on the record, that [a waiver of a constitutional right] is voluntary and intelligent." *Edmonds*, 189 S.W.3d at 565 (citing *Boykin v. Alabama*, 395 U.S. 238, 241-242 (1969)). A waiver is intelligent when "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748 (citations omitted). A finding of an intelligent waiver of the right to appeal as part of a sentencing agreement is supported when the defendant is advised by competent counsel

3

and is made aware of the rights he is waiving, and when there is nothing to indicate that the defendant was incompetent, or otherwise not in control of his mental faculties. *See id.* at 756. A waiver is voluntary if the defendant is not induced by threats or by misrepresentations by the Commonwealth or the trial court. *Id.* at 755; *Edmonds,* 189 S.W.3d at 565. Appellant's waiver was not invalid in either respect.

In his colloquy with the trial court before the formal entry of the penalty agreement, Appellant acknowledged that 1) he was not coerced into the agreement; 2) he understood he was giving up the penalty-phase rights to jury sentencing, to present witnesses and evidence, and to not testify; and 3) he understood he was giving up the right to appeal. Appellant also affirmed he agreed with the Commonwealth's recommendation that he serve 20 years for incest, 5 years for rape, and 5 years for sodomy, to be served concurrently. Additionally, Appellant affirmed he understood his parole eligibility status, his legal responsibilities as a sex offender, and that upon release from prison, he was subject to conditional discharge for five years. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 97 (1977).

Appellant offers no evidence to suggest that he was not truthful in his colloquy with the court. He says only that he was rushed in deciding whether to accept the offered sentence of twenty years and eliminate the risk of a greater penalty that the jury could impose. We recognize that Appellant had relatively little time in which to make a serious decision in the midst of an

4

ongoing trial. But the urgency inherent in such circumstances does not equate to coercion. There is no evidence that anyone threatened him or that his acceptance of the agreement was induced by anything other than the benefit he received from his bargain. With or without time constraints, having to choose between the strong probability of a lesser sentence, at the price of waiving his constitutional right to appeal, and the possibility that a jury would set a much greater sentence, does not render the waiver compulsory and involuntary. *See Brady*, 397 U.S. at 750-751; *see also Edmonds*, 189 S.W.3d at 570.

We see nothing to suggest "that [Appellant] did not or could not, with the help of counsel, rationally weigh the advantages of [the jury deciding his penalty] against the advantages of [entering the sentencing agreement]." *Brady*, 397 U.S. at 750. When questioned by the trial court at the time of his waiver, Appellant gave no indication that he lacked an essential understanding of the situation or an awareness of the consequences of the waiver of his right to appeal.

Substantial evidence supports the trial court's conclusion that Appellant voluntarily and intelligently entered the sentencing agreement.

## B. The trial court did not abuse its discretion when it declined to permit Appellant to withdraw from the penalty agreement.

Appellant argues that even if he voluntarily and intelligently entered the sentencing agreement, the trial court abused its discretion when denying his motion to withdraw from it. He argues that granting his motion to withdraw from the agreement would have been the fair and just thing to do.

5

He argues that because a penalty agreement to forgo jury sentencing is simply one aspect of a plea agreement, this Court should apply to his sentencing agreement the seven factors identified in *United States v. Hockenberry*, 730 F.3d 645, 662 (6th Cir. 2013), as fair and just reasons for allowing a federal defendant to withdraw a guilty plea.[1] Under Federal Rules of Criminal Procedure 11(d)(2)(B) a guilty plea may be withdrawn if "the defendant can show a fair and just reason for requesting the withdrawal." Although the *Hockenberry* factors may touch on considerations relevant to determining whether a waiver of a constitutional right is valid, we decline to alter our existing precedent for determining whether the trial court erred when denying a motion to withdraw from an agreement in which a defendant waived a constitutional right. Consequently, we next address whether the trial court's decision to deny Appellant's motion was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Citing *Parson v. Commonwealth*, 144 S.W.3d 775, 782-785 (Ky. 2004), the Commonwealth points out that because it detrimentally relied upon the agreement when it waived its opportunity to seek a greater sentence and

---

[1] The seven, non-exclusive *Hockenberry* factors are:
(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

6

released the jury that had heard the guilt-phase evidence, Appellant should not be permitted to withdraw from his waiver. If the agreement were to be set aside, before an appeal of the guilt phase could be heard, the trial court would have to complete a penalty phase trial using a new jury before whom the guilt-phase evidence would be replicated.

Appellant's agreement with the Commonwealth is a contract. We have made clear that if an "offer is made by the prosecution and accepted by the accused, either by entering a plea or by taking action to his detriment in reliance on the offer, then the agreement becomes binding and enforceable." *Commonwealth v. Reyes*, 764 S.W.2d 62, 65 (Ky. 1989). A defendant is entitled to insist on the benefit of his bargain. *See Santobello v. New York*, 404 U.S. 257, 261-262 (1971). When, as in this case, there has been no unfairness or constitutional infirmity "in securing agreement between an accused and a prosecutor," *id.* at 261, there is no valid or compelling reason why Appellant should not likewise be held to his bargain in accordance with the general laws applicable to contracts.

When Appellant entered into negotiations with the Commonwealth, he was left with little bargaining power. One thing he could offer in exchange for a twenty-year sentence recommendation was his right to appeal. He decided to make a deal rather than take a chance that the jury would recommend a greater sentence. The Commonwealth relied upon Appellant's promise and kept its promise. Appellant "was fully aware of the likely consequences when he [entered the sentencing agreement]; it is not unfair to expect him to live with

7

those consequences now." *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). We cannot say that the trial court's denial of Appellant's motion to withdraw from the sentencing agreement was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. The trial court did not abuse its discretion.

## III. CONCLUSION

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Linda Roberts Horsman
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Todd Dryden Ferguson
Assistant Attorney General