RENDERED:  OCTOBER 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1808-MR

SCOTTY UPCHURCH                                             APPELLANT

v.          APPEAL FROM WAYNE CIRCUIT COURT
            HONORABLE JEFFREY T. BURDETTE, JUDGE
            ACTION NO. 04-CR-00317

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE:  Appellant, Scotty Upchurch ("Upchurch"), *pro se*, appeals

the October 21, 2019 order of the Wayne Circuit Court denying his motion to

vacate judgment under Kentucky Rule of Civil Procedure (CR) 60.02.  Following a

careful review of the record and the law, we affirm.

# I.     BACKGROUND

The facts of Upchurch's case were set out by the Court in an earlier

opinion and are as follows:

> By way of separate indictments handed down on June 24, 2004 and October 19, 2004, the Wayne County grand jury indicted Upchurch with one count each of complicity to commit robbery in the first-degree and complicity to commit capital murder. The charges arose from events occurring on May 15, 2004, when William E. Wells, Sr., age 91, and his son, William E. Wells, Jr., were robbed and beaten in their home. William Wells, Sr. died as a result of his injuries.

> A police investigation followed, whereupon evidence was developed that Upchurch and at least two other persons committed or otherwise participated in the robbery and murder. The parties were found to be in possession of forged checks belonging to Wells, and were observed changing their clothes and attempting to dispose of them in a Wal-Mart parking lot.

> On September 1, 2006, Upchurch appeared in Wayne Circuit Court and entered a guilty plea to both charges pursuant to a plea agreement with the Commonwealth. In return for the guilty plea, the Commonwealth recommended concurrent sentences of imprisonment totaling 34 years. On September 19, 2006, the guilty plea was accepted and Upchurch was sentenced to 34 years in prison in accordance with the Commonwealth's recommendation.

*Upchurch v. Commonwealth*, No. 2007-CA-001130-MR, 2008 WL 2779929, at *1

(Ky. App. Jul. 18, 2008).

Upchurch has previously filed two motions for post-conviction relief and one petition for declaratory judgment. He filed his first motion to vacate judgment under CR 60.02 on February 23, 2007. The Wayne Circuit Court denied the motion, and this Court affirmed on appeal.

Upchurch filed his second post-conviction motion on August 26, 2009, pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. The Wayne Circuit Court denied that motion, and this Court again affirmed on appeal.

On June 5, 2014, Upchurch filed a petition for declaratory judgment in the Franklin Circuit Court, requesting that Kentucky Revised Statute (KRS) 532.130(2) be declared unconstitutional. The circuit court denied his petition, and this Court affirmed on appeal.

On November 28, 2016, Upchurch filed his second motion to vacate judgment under CR 60.02. The motion was denied by order of the Wayne Circuit Court on October 21, 2019, and this appeal followed.

## II.   STANDARD OF REVIEW

"We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id*. (citation omitted). "Therefore, we will affirm the lower court's

decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id.* (citation omitted).

## III.   ANALYSIS

Upchurch raises two arguments on appeal:  (1) he could not rationally participate in his own defense due to mind-altering medication and duress; and (2) the Commonwealth used an improper method to "scare" him by using the threat of the death penalty, thus rendering his guilty plea involuntary.

Initially, we note that Upchurch's first argument is not properly before the Court.  Upchurch argues that he could not rationally participate in his defense because he was on mind-altering medications and under duress during his trial proceedings.  However, this is not the argument Upchurch raised in his CR 60.02 motion before the circuit court.  In fact, Upchurch made no mention of this argument, and the circuit court did not address it, in the order denying Upchurch's motion.

In order to preserve an issue for appellate review, the trial court must be given an opportunity to rule on the issue.  *Charash v. Johnson*, 43 S.W.3d 274, 278 (Ky. App. 2000).  "The appellate court reviews for errors, and a nonruling cannot be erroneous when the issue has not been presented to the trial court for decision." *Hatton v. Commonwealth*, 409 S.W.2d 818, 819-20 (Ky. 1966); *see also Grundy v. Commonwealth*, 25 S.W.3d 76, 84 (Ky. 2000) (citation omitted)

("This Court simply does not review alleged procedural errors when the appellant did not present the issue before the trial court, and we will not allow appellants, under the guise of 'developing' an argument raised in the trial court, 'to feed one can of worms to the trial judge and another to the appellate court.'"). Upchurch cannot pursue the argument on appeal that he was on mind-altering medications and under duress during his trial proceedings without having first raised it before the circuit court. Accordingly, we will not consider this argument.

Upchurch's second argument on appeal is that the Commonwealth used an "illegal method to scare" him into entering into a plea agreement by using the threat of pursuing the death penalty if he went to trial. Upchurch contends that he should be afforded relief under CR 60.02(e), which provides:

> On motion a court may, upon such terms as are just,
> relieve a party or his legal representative from its final
> judgment, order, or proceeding upon the following
> grounds: . . . (e) the judgment is void, or has been
> satisfied, released, or discharged, or a prior judgment
> upon which it is based has been reversed or otherwise
> vacated, or it is no longer equitable that the judgment
> should have prospective application[.]

Upchurch makes the foregoing argument under the Eighth Amendment to the United States Constitution, which forbids the execution of a person with an intellectual disability. In *Hall v. Florida*, the United States Supreme Court held unconstitutional a Florida statute which provided that individuals with an intelligence quotient (I.Q.) of less than 70 were not subject to

the death penalty.  572 U.S. 701, 724, 134 S. Ct. 1986, 2001, 188 L. Ed. 2d 1007 (2014).  There, the Supreme Court reasoned that such a rigid determination for death penalty eligibility, without taking into account the standard error of measurement,[1] "creates an unacceptable risk that persons with intellectual disability will be executed, and thus is unconstitutional."  *Id*. at 724, 137 S. Ct. at 1990.

Until recently, Kentucky had a statute that was nearly identical to the statute in Florida.  KRS 532.130(2) provided that a defendant with an I.Q. of 70 or below was an intellectually disabled person not subject to the death penalty.  However, following the guidance of *Hall*, the Kentucky Supreme Court held that KRS 532.130(2) was unconstitutional because it "potentially and unconstitutionally exposes intellectually disabled defendants to execution." *Woodall v. Commonwealth*, 563 S.W.3d 1, 6 (Ky. 2018).

In the case *sub judice*, Upchurch argues that the Commonwealth invalidly sought the death penalty against him in light of the decision in *White v. Commonwealth*, 500 S.W.3d 208 (Ky. 2016), *abrogated by Woodall*, 563 S.W.3d

---

[1] The United States Supreme Court defined "standard error of measurement" as "a statistical fact reflecting the test's inherent imprecision and acknowledging that an individual score is best understood as a range, *e.g.*, five points on either side of the recorded score." *Id*. at 701, 134 S. Ct. at 1988.

1.[2] Specifically, he contends that the Commonwealth improperly used the threat of seeking the death penalty as leverage to convince him to plead guilty. There is no dispute that the Commonwealth initially sought the death penalty when Upchurch was indicted in this case. There is also evidence in the record that Upchurch has an I.Q. of 72. Upchurch's argument is nearly identical to the argument he raised in his petition for a declaratory judgment. There, Upchurch asserted that KRS 532.130(2) should be declared unconstitutional in light of the Supreme Court's decision in *Hall*. On appeal, this Court held as follows:

> In the case at hand, there is no actual controversy. Unlike the defendant in *Hall*, Upchurch was not sentenced to death, he pled guilty to a term of years. If we were to declare KRS 532.130(2) unconstitutional, it would provide Upchurch with no remedy. In addition, Upchurch's guilty plea waives all arguments surrounding his incarceration. "The general rule is that pleading guilty unconditionally waives all defenses except that the indictment did not charge an offense[.]" *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994) (citing *Bush v. Commonwealth*, 702 S.W.2d 46, 48 (Ky. 1986)).

*Upchurch v. Commonwealth*, No. 2015-CA-001215-MR, 2016 WL 1558517, at *2 (Ky. App. Apr. 15, 2016).

---

[2] Upchurch cites *White* for the proposition that KRS 532.130(2) has been held unconstitutional. However, *White* only called into question the constitutionality of KRS 532.130(2); the statute was not actually declared unconstitutional in its entirety until the Kentucky Supreme Court's decision in *Woodall*.

Upchurch bases his argument on the Kentucky Supreme Court's holding in *White* that *Hall* must be applied retroactively. *See White*, 500 S.W.3d at 214. However, this argument ignores the crucial distinction between the facts in the applicable cases and the facts in this case. In both *White* and *Hall*, the defendants were convicted by a jury and sentenced to death. In this case, Upchurch pled guilty pursuant to a plea agreement with the Commonwealth and was sentenced to a term of thirty-four years' imprisonment. Upchurch essentially urges the Court to find that a retroactive application of *Hall* should invalidate his plea agreement with the Commonwealth. However, Upchurch cites no legal basis to support this argument.

Moreover, we believe Upchurch is barred from raising this issue because it is governed by the law of the case. "Under the law-of-the-case doctrine, an appellate court, on a subsequent appeal, is bound by a prior decision on a former appeal in the same court. The rule means that issues decided in earlier appeals should not be revisited in subsequent ones." *St. Clair v. Commonwealth*, 455 S.W.3d 869, 887 (Ky. 2015) (internal quotation marks and citations omitted). Upchurch raised the issue of his competency as it related to his guilty plea in his first CR 60.02 motion. This Court previously noted the following:

> We must first note that Upchurch does not cite to anything in the record in support of his claim that he was found to be mildly retarded, and our cursory examination of the approximately 900 page record has uncovered

> nothing on that claim. Upchurch does append to his appellate brief a cryptic Tests of Adult Basic Education answer sheet completed on November 20, 2006, but it does not reveal his IQ or cognitive ability. Also appended is a Department of Corrections Resident Record Card containing the words, mentally ill, but not addressing his IQ.

*Upchurch*, 2008 WL 2779929, at *2 (internal quotation marks omitted).

Therefore, the law-of-the-case doctrine prevents us from considering the issue again on this appeal.

Further, as previously noted by this Court and by the circuit court, a valid guilty plea waives all defenses except that the indictment fails to charge an offense. *Hughes*, 875 S.W.2d at 100. "Generally, a plea cannot be automatically rendered involuntary by a subsequent change in the relevant law." *Elkins v. Commonwealth*, 154 S.W.3d 298, 300 (Ky. App. 2004). Likewise, in *Gussler v. Commonwealth*, we held that a juvenile who pleaded guilty to avoid the death penalty was not entitled to relief when the Kentucky Supreme Court subsequently ruled that juveniles were not subject to the death penalty. 236 S.W.3d 22, 24 (Ky. App. 2007); *see also Brady v. United States*, 397 U.S. 742, 758, 90 S. Ct. 1463, 1474, 25 L. Ed. 2d 747 (1970) (holding that a guilty plea is not invalid merely because it was entered to avoid the possibility of the death penalty). Similarly, here, while Upchurch may have pled guilty to avoid the prospect of the death

penalty, the sentence ultimately imposed was not illegal.  Accordingly, the circuit court correctly denied Upchurch's CR 60.02 motion.

For the foregoing reasons, the judgment of the Wayne Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Scotty Upchurch, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky