925 So.2d 346 (2006)
Jean-Heraux ULCENA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4094.
District Court of Appeal of Florida, Fourth District.
February 1, 2006.
Rehearing Denied April 27, 2006.
Jean-Heraux Ulcena, Jr., Wewahitchka, pro se.
No appearance required, for appellee.
KLEIN, J.
We affirm a summary denial of appellant's rule 3.850 motion for post-conviction relief. His motion raised a claim of newly discovered evidence based on our decision in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied, 892 So.2d 1014 (Fla.2005). In Roberts we held that a Miranda rights waiver form was insufficient because it failed to advise the defendant that he had the right to have counsel present during questioning. In the alternative, *347 appellant argues that Roberts is retroactive.
Appellant's conviction was affirmed on direct appeal in 1996, and his first rule 3.850 motion filed in 1998 was denied and affirmed. We are seeing a number of these appeals, in which the time has run for alleging ineffective assistance of counsel in failing to challenge a Miranda rights waiver. As is apparent from our opinion in Roberts, that decision involved nothing more than an application of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) to a confession. We can conceive of no circumstances under which Roberts could be the basis of a claim for post-conviction relief based on newly discovered evidence.
As to appellant's claim that Roberts is retroactive, first Roberts did not change the law, and second, only decisions of the Florida Supreme Court or the United States Supreme Court can be retroactive in post-conviction proceedings. Witt v. State, 387 So.2d 922 (Fla.1980).
Accordingly, where the time has run for alleging ineffective assistance of counsel in failing to challenge the admission of a confession, Roberts provides no basis for post-conviction relief.
Affirmed.
GUNTHER and GROSS, JJ., concur.