943 So.2d 860 (2006)
Artis ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3852.
District Court of Appeal of Florida, Fourth District.
November 8, 2006.
Rehearing Denied January 4, 2007.
*861 Artis Robinson, Madison, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant challenges the summary denial of a postconviction motion seeking to set aside a conviction that became final in 1999. The trial court denied appellant's April 2006 motion because it was not signed. Appellant argues that the trial court should have considered his amended motion which included the required oath and signature. While we agree that the trial court should have considered the amended motion if it was filed before the trial court had entered a ruling, Gaskin v. State, 737 So.2d 509 (Fla.1999), we find that appellant's motion does not merit relief as a matter of law and affirm.
Appellant argued that his 1999 conviction was improper based on a defect in the Miranda warnings that were administered by police. Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied, 892 So.2d 1014 (Fla.2005) (finding that the warning given was insufficient to satisfy Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because it failed to advise of the right to have counsel present during questioning and advised merely that defendant could have counsel present before questioning).
We have found that this defect in Miranda warnings does not constitute newly discovered evidence justifying an untimely postconviction motion under Florida Rule of Criminal Procedure 3.850(b). Ulcena v. State, 925 So.2d 346, 347 (Fla. 4th DCA 2006). Appellant argues that the defective warning constituted fundamental error in his case which would justify an untimely motion vacating or setting aside his conviction. We disagree.
No court has ever held that this type of defect in Miranda warnings is fundamental error which should be corrected at any time. Appellant has not demonstrated that the defect in the warnings was even harmful in his case, much less fundamental. Appellant's claim that his request for counsel would probably have affected the outcome of his case is unsupported and speculative.
The order denying appellant's postconviction motion is summarily affirmed as it is untimely and without merit as a matter of law.
WARNER, POLEN and HAZOURI, JJ., concur.