ALTENBERND, Judge.
Richard Margarejo appeals an order summarily denying his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He claims that an alleged defect in the Miranda[1] warning given to him during the police investigation leading to his conviction in 1997 warrants postconviction relief at this *509 time. The trial court denied Mr. Margare-jo’s motion as untimely. Although recent district court decisions have held that similar Miranda warnings are constitutionally deficient, that case law does not currently warrant postconviction relief in any case in which the normal two-year period for the filing of a motion for relief under rule 3.850 has expired. Accordingly, we affirm.
In 1997, Mr. Margarejo was convicted of first-degree murder, armed burglary of a dwelling, and armed robbery with a firearm. He was sentenced to life imprisonment. He appealed the judgment and sentences, which were affirmed in Margarejo v. State, 743 So.2d 1089 (Fla. 2d DCA 1999) (case number 2D97-4178) (table decision). Mandate issued on October 4, 1999.
Mr. Margarejo’s current motion for postconviction relief was filed in December 2005. The motion alleges in part that Mr. Margarejo’s trial counsel was ineffective because he did not seek to suppress Mr. Margarejo’s confession on the grounds that the Miranda warning given to Mr. Margarejo did not inform him of his right to have counsel present during any questioning. See, e.g., Powell v. State, 969 So.2d 1060 (Fla. 2d DCA 2007); see also M.A.B. v. State, 957 So.2d 1219 (Fla. 2d DCA), review granted, 962 So.2d 337 (Fla.2007) (table decision).
Mr. Margarejo’s motion for postconviction relief was untimely under rule 3.850(b) (requiring motion to be filed within two years after the judgment and sentence became final unless certain exceptions apply). See also Robinson v. State, 943 So.2d 860, 861 (Fla. 4th DCA 2006) (determining that similar defect in Miranda warnings does not constitute newly discovered evidence under rule 3.850(b)(1) to permit extending the two-year time limitation). At this time, Mr. Margarejo cannot establish that there has been a fundamental change in constitutional law meriting retroactive application, thus permitting an extension of the two-year time limitation pursuant to rule 3.850(b)(2). This is because neither the Florida Supreme Court nor the United States Supreme Court has ruled on the issue presented by this postconviction motion. See Witt v. State, 387 So.2d 922, 930 (Fla.1980).
The Florida Supreme Court has recently accepted review of M.A.B., 957 So.2d 1219, a case addressing the sufficiency of similar Miranda warnings. A favorable decision for the defendant in that case might permit Mr. Margarejo to file another postconviction motion arguing that a fundamental change in constitutional law merited retroactive application in his case. Of course, even if the Florida Supreme Court eventually issues an opinion supporting Mr. Margarejo’s argument, he would need to establish that the decision constituted a development of fundamental significance as determined by the three-part test of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). See Witt, 387 So.2d at 929. It seems doubtful that Mr. Margarejo could overcome the third part of this test, but that issue might depend upon the language in the supreme court’s decision. See Chandler v. Crosby, 916 So.2d 728 (Fla.2005).
Affirmed.
VILLANTI, J., and GREEN, OLIVER L., Senior Judge, Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).