971 So.2d 259 (2008)
Dominic CULPEPPER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4230.
District Court of Appeal of Florida, Second District.
January 4, 2008.
*260 Bryan Stevenson, Equal Justice Initiative of Alabama, Montgomery, Alabama; and Lynn Overmann, Miami, for Appellant.
ALTENBERND, Judge.
Dominic Culpepper appeals the circuit court's order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He claims that his sentence of life without possibility of parole for the offense of first-degree murder is cruel and unusual punishment because he committed the offense when he was fourteen years old. We conclude that his motion was untimely. Even if the motion were timely, case law does not currently support his legal theory.
In June 2001, Mr. Culpepper believed that another teenage boy had stolen a pound of marijuana from him. With the help of some friends, Mr. Culpepper devised several plots to revenge this theft. Ultimately, he tricked the victim into returning to Mr. Culpepper's house to steal more marijuana. When the victim came to the house, Mr. Culpepper hit him fifty times with a baseball bat and dumped his body in the woods. For this, he was charged as an adult and convicted of first-degree murder. The trial court had no option except to sentence Mr. Culpepper to life in prison without possibility of parole.
He appealed his judgment and sentence to this court. On direct appeal, he argued that his life sentence was cruel and unusual punishment. We affirmed his judgment and sentence without a written opinion. Culpepper v. State, 846 So.2d 515 (Fla. 2d DCA 2003). Our mandate issued in that direct appeal in April 2003. It is noteworthy that this court had issued a written opinion declaring a similar sentence for a fourteen-year-old defendant to be constitutional a few months earlier. See Phillips v. State, 807 So.2d 713 (Fla. 2d DCA 2002); see also Tate v. State, 864 So.2d 44 (Fla. 4th DCA 2003) (upholding life sentence for twelve-year-old).
Mr. Culpepper filed a prior postconviction motion pursuant to rule 3.850 in 2005. That motion was denied, and this court affirmed the order denying that motion. Culpepper v. State, 928 So.2d 344 (Fla. 2d DCA 2006) (table decision).
He filed this motion for postconviction relief pursuant to rule 3.850 in the circuit court in April 2007. As he did on direct appeal, he argues that his sentence of life without possibility of parole is cruel and unusual punishment because of his age at the time of the offense. This motion is obviously successive and would be untimely unless Mr. Culpepper alleged one of the exceptions to the standard two-year limitation contained in rule 3.850(b). He argues that this issue can be raised by postconviction motion at this time because of the United States Supreme Court's decision in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).
In Roper, the Court affirmed the Missouri Supreme Court's decision in State ex rel. Simmons v. Roper, 112 S.W.3d 397 (Mo.2003), which held that the death penalty was unconstitutional as applied to Simmons, who committed a first-degree murder when he was seventeen. It is noteworthy that the remedy provided to Simmons when Missouri held his death sentence to be unconstitutional was life *261 without possibility of parole. 112 S.W.3d at 413.
This case, of course, does not involve the death penalty. Neither the United States Supreme Court nor the Supreme Court of Florida has held that a sentence of life without possibility of parole is unconstitutional when applied to a person under the age of eighteen. Without such a ruling, Mr. Culpepper does not have an issue raising a "fundamental constitutional right" that can be raised at this time. See Fla. R.Crim. P. 3.850(b)(2); Witt v. State, 387 So.2d 922, 930 (Fla.1980); Margarejo v. State, No. 2D07-700, ___ So.2d ___, 2007 WL 4404602 (Fla. 2d DCA Dec. 19, 2007); see also Sims v. Commonwealth, 233 S.W.3d 731, 733 (Ky.App.2007) (holding that Roper did not support a similar postconviction claim and noting that Roper contained "obiter dictum to the effect that life imprisonment without the possibility of parole remains a permissible sentence for [such] offenders").
We note that Mr. Culpepper's motion for postconviction relief in the trial court discloses that he was filing a federal habeas petition at the same time he filed for relief in state court. In a brief filed on September 18, 2007, in this appeal, his counsel did not disclose the extensive written decision of the United States District Court for the Middle District of Florida issued on July 13, 2007, denying the petition as untimely and without merit, even though the lawyers who are counsel of record for Mr. Culpepper in this case are also counsel of record in the federal proceeding. Culpepper v. McDonough, 2007 WL 2050970 (M.D.Fla. July 13, 2007). The issue these lawyers raise is worthy of public debate and they may feel strongly about it, but they must know that this postconviction claim is procedurally barred in state court at this time. They do not assist their client or their cause by filing a motion that has no legal merit or by failing to disclose the federal case law dealing directly with their client.
Affirmed.
FULMER and SALCINES, JJ., Concur.