998 So.2d 650 (2008)
Charles WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-4309.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
Rehearing Denied February 6, 2009.
Charles Williams, Doral, Pro Se.
No appearance required for appellee.
PER CURIAM.
Charles Williams appeals the summary denial of his untimely and successive rule *651 3.850 motion which alleged newly discovered evidence. We affirm but for reasons other than those given in the trial court's order.
Williams was convicted in 1998, and he has previously filed a postconviction motion which was denied on the merits. In the instant motion, he alleges that in 2005 he learned from news reports about defective Miranda[1] warnings that had been used by police in Broward County. See Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004) (finding that a waiver of rights form that failed to advise of the right to have counsel present during questioning was deficient). He alleges that this caused him to realize that he was not advised about the right to have counsel present during questioning when he was interrogated in 1996. Apparently, he also then realized that, if he had been properly advised, he would not have spoken to police at all, as he now alleges.
He contends that his subsequent investigations have revealed that the waiver of rights form that was used in his interrogation was mysteriously removed from the record and replaced by a different, forged form which contains the "during questioning" language. He claims that this recent discovery constitutes newly discovered evidence permitting an untimely postconviction motion. Fla. R.Crim. P. 3.850(b)(1).
This court's decision in Roberts, or a defendant's later discovery of a violation like the one discussed in Roberts, does not constitute newly discovered evidence and does not constitute grounds for untimely postconviction relief. Ulcena v. State, 925 So.2d 346 (Fla. 4th DCA 2006); Robinson v. State, 943 So.2d 860 (Fla. 4th DCA 2006). The alleged deficiency in the Miranda warnings provides Williams no basis for challenging his convictions at this time.
Further, according to Williams, the warning he actually received, before the defective form was allegedly replaced by a forgery, advised him that he had the right to have counsel present "now" (which was at the time of questioning) and that he could stop the questioning at any time and speak with an attorney. These warnings were sufficient to properly advise Williams of his rights. Canete v. State, 921 So.2d 687 (Fla. 4th DCA 2006).
Affirmed.
HAZOURI, MAY and DAMOORGIAN, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).