[Crim. No. 12705. Fourth Dist., Div. Two. Sept. 15, 1981.]

In re DUDLEY GRAY on Habeas Corpus.

COUNSEL

Dudley Gray, in pro. per., for Petitioner.

Quin Denvir, State Public Defender, Charles M. Sevilla, Chief Deputy State Public Defender, and Ephriam Margolin as Amici Curiae on behalf of Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler and Jay M. Bloom, Deputy Attorneys General, for Respondent.

OPINION

**GARDNER, P. J.—** In this case we hold that the attorney-client privilege is waived as to matters put in issue in habeas corpus proceedings where the competency of defendant's trial attorney is at issue.

Georgia Cassidy was found guilty of first degree murder and of conspiracy to commit extortion. She filed a petition for writ of habeas corpus in the trial court alleging petitioner had failed to act in a manner to be expected of a reasonably competent attorney by failing to offer potentially meritorious defenses of diminished capacity or insanity. At the evidentiary hearing Georgia refused to waive the attorney-client privilege and objected to the petitioner testifying. Petitioner then declined to answer questions. The trial court found him in contempt. These proceedings resulted.

Evidence Code section 958 seems fairly clear on this subject: "There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the attorney-client relationship."

The charge of inadequate representation clearly involves a charge of a breach of a duty arising out of the attorney-client relationship.

The comment of the Law Revision Commission is pertinent: "[T]hus, for example, if the defendant in a criminal action claims that his lawyer did not provide him with an adequate defense, communications between

the lawyer and client relevant to that issue are not privileged." (See also *People* v. *Morris* (1971) 20 Cal.App.3d 659, 663-664 [97 Cal.Rptr. 817]; Witkin, Cal. Evidence (2d ed. 1966) § 824; 31 Cal.Jur.3d, § 441, pp. 589-590.)

Petitioner indicates that *he* did not waive the privilege. The privilege belongs to the client, not the attorney. (Evid. Code, §§ 953, 954.)

*People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859], anticipated this situation. *Pope* says at page 426: "In habeas corpus proceedings, there is an opportunity in an evidentiary hearing to have trial counsel fully describe his or her reasons for acting or failing to act in the manner complained of. [Citations.] For example, counsel may explain why certain defenses were or were not presented. Having afforded the trial attorney an opportunity to explain, courts are in a position to intelligently evaluate whether counsel's acts or omissions were within the range of reasonable competence. [Fn. omitted.]"

In addition, the dissent of Justice Mosk in arguing that the resort to the trial record is preferable to separate habeas corpus proceedings states at page 440: "A petitioner for habeas corpus may learn, to his sorrow, that by opening up the issue of his trial attorney's ability in a new proceeding he waives much of the attorney-client privilege. A trial attorney whose competence is assailed by his former client must be able to adequately defend his professional reputation, even if by doing so he relates confidences revealed to him by the client."

Thus, we hold that there is no attorney-client privilege as to matters put in issue in a habeas corpus proceeding where the competency of defendant's trial attorney is at issue.

Amici curiae contend that petitioner is prohibited from testifying by the attorney's work product rule.

No such objection was made in the trial court. Petitioner only relied on the attorney-client privilege. However, even if the work product rule is raised, there is ample basis to compel disclosure of certain work products under Code of Civil Procedure section 2016, subdivision (b) in the interest of justice.[1]

---

[1]The work product rule contains both a general qualified privilege, and an absolute privilege as to certain writings. (Code Civ. Proc., § 2016, subd. (b).)

Amici curiae also suggest that there be no blanket ruling that the filing of a petition for habeas corpus charging inadequacy of counsel waives the attorney-client privilege, contending that such a rule would be an "evidentiary ambush on the unsuspecting petitioner."

We have made no such ruling. We are limiting our holding to *matters put in issue* by the petition. Therefore, the petitioner is not going to get bushwhacked. The privilege is waived only as to issues raised in the petition he or she elects to file.

Amici curiae further suggest that the proper procedure is for the court to consider the invocation of the privilege on a question by question basis and when the privilege is invoked in response to a question for information deemed material, the court make adverse findings of fact to the defendant on that point or strike the defendant's evidence on that point, or in extreme cases dismiss the petition. We reject this suggestion. It unnecessarily imposes too much of a burden on our already overburdened trial courts with no corresponding benefit for the defendant or anyone else. Once the privilege is waived the attorney becomes a witness just like any other witness as to matters put in issue by the petition. This is simple, direct and fair to all concerned.

Of course, if during an evidentiary hearing a defendant discovers that he has opened a real can of worms and that some of the goodies he has imparted to his attorney may come to light, he can protect himself by simply dismissing the petition. However, he can't have his cake and eat it too.

Petition for writ of habeas corpus denied.[2]

Kaufman, J., and McDaniel, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 27, 1981. Bird, C. J., was of the opinion that the application should be granted.

---

[2]In fairness to Mr. Gray, we suggest to the trial court that the present finding of contempt be set aside. At the time Mr. Gray refused to answer questions, he was in good faith attempting to protect the rights of his client in a field in which no definitive ruling had been made.