John H. DOUGHTY, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 87–1165.

District of Columbia Court of Appeals.

Submitted Jan. 3, 1990.

Decided March 27, 1990.*

* The disposition of this case was issued originally in the form of a Memorandum Opinion and Judgment on March 27, 1990, but is being published.

1. The government dismissed other criminal charges against appellant.

Elaine Mittleman, Falls Church, Va., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, Elizabeth Trosman, J. Edward Agee, Washington, D.C., and Patricia L. Petty, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, SCHWELB, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

This is an appeal from the trial court's denial of appellant's motion to withdraw his prior guilty plea and to vacate the judgment entered upon such plea. In 1985, appellant pleaded guilty to armed robbery and was sentenced to a term of ten to thirty years in prison.[1] In 1986, appellant filed a motion to withdraw his plea and to have his sentence vacated pursuant to D.C. Code § 23–110 (1989 Repl.). The trial court held a hearing on such motion. Appellant testified that he was taking certain medication for pain (resulting from an injury he had suffered in an auto accident) at the time he had entered his plea. This medicine, he asserted, altered his thinking and prevented him from making an informed and voluntary decision to plead guilty.[2] He further testified that his counsel persuaded him to plead guilty, although he was not in fact guilty. Appellant's attorney also testified at this hearing.

The testimony by the attorney was necessary because appellant's allegations at the hearing put into issue the attorney's competence. The record reflects that appellant testified at the hearing that his attorney "said that I should plead guilty

2. The trial court upon the evidence did not credit appellant's testimony that such medication, if any, was in fact taken, and rendered his plea unknowing and involuntary. He does not pursue this issue on appeal.

because ... if I went to trial and was found guilty, that he was sure that this judge would sentence me to a life term. But, if I pleaded guilty, he could almost guarantee that I wouldn't be sentenced to a life term." Appellant also testified that he had at no time prior to entering his plea of guilty told his attorney that he was "in fact" guilty of armed robbery. Appellant further testified that he "had nothing to do with any robbery or shooting," but that this attorney had told him "that if I wanted this judge to accept my plea, I had to come back in here and tell him something believable."

The attorney testified in response to appellant that appellant "was concerned about the mandatory minimum and whether or not that had been eliminated ... from the plea offer" and he had informed appellant that the prosecution did agree to eliminate the mandatory minimum as a part of the government's offer to accept his plea. The attorney denied telling appellant "that the court would give him life if he didn't plead guilty," and testified further that he had told appellant "whether he [appellant] accepted the plea or not, was entirely up to him...." Finally, the attorney testified that he had discussed the facts of the case with appellant, "on numerous occasions" and was satisfied there was a factual basis for the plea appellant entered.

Appellant argues that at the hearing he "was not accusing [his attorney] of any dereliction of duty, and [the attorney] had no obligation or need to defend his actions.... [T]he attorney-client privilege was not waived, and [the attorney's] testimony violated that privilege." Appellant asks this court to remand "for another hearing on his motion to vacate sentence."

■ We are not persuaded under the circumstances here that the trial court committed error in permitting appellant's attorney to testify concerning matters appellant asserted at the hearing in his own testimony. Appellant, by testifying as he did, waived the privilege that protects communications between an attorney and his client from disclosure and justified testimony by the attorney in response to appel-

lant's assertions. *See Gale v. United States,* 391 A.2d 230, 234 n. 4 (D.C.1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979); *McKoy v. United States,* 518 A.2d 1013, 1017 (D.C.1986), *cert. denied,* 485 U.S. 907, 108 S.Ct. 1081, 99 L.Ed.2d 240 (1988); *In re Sealed Case,* 219 U.S.App.D.C. 195, 210–11, 676 F.2d 793, 808–09 (1982).

The record of the entry of the plea of guilty by appellant reflects that the trial court made careful inquiry before accepting appellant's plea. The court specifically advised appellant that "whether you plead guilty or whether you go to trial on the case is entirely up to you." We are satisfied upon this record that the trial court did not abuse its discretion in denying appellant's motion. *See Lorimer v. United States,* 425 A.2d 1306, 1308 (D.C.1981).

*Affirmed.*