**Edwardo RODRIGUEZ, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2002–SC–0133–TG.

Supreme Court of Kentucky.

Oct. 17, 2002.

---

Ramon McGee, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Frankfort, Shawn C. Goodpaster, Thornton Oil Corp., Louisville, for Appellee.

COOPER, Justice.

On May 28, 1999, a Christian County grand jury indicted Appellant Edwardo Rodriguez on charges of murder, KRS 507.020, and Receiving a Stolen Firearm KRS 514.110(3)(a). Appellant was arraigned and pled not guilty to the charges. On May 16, 2001, Appellant changed his plea to guilty of murder in exchange for the prosecutor's agreement to dismiss the firearm charge and recommend a twenty year prison sentence for the murder conviction. Final sentencing was subsequently scheduled for August 16, 2001. In the interim, Appellant dismissed his appointed public defender, retained private counsel, and filed a motion to set aside his guilty

plea and reinstate his previous plea of not guilty. An evidentiary hearing was scheduled on that motion also for August 16, 2001. However, when the case was called for hearing on that date, the trial judge announced that the hearing would not be held until and unless Appellant executed a written waiver of his lawyer/client privilege, KRE 503. When Appellant declined to sign the waiver, the evidentiary hearing was cancelled and the trial judge entered the following handwritten order:

> Defendant refuses to grant waiver. Videotape is part of the record Motion to withdraw plea not granted. Defendant under oath admitted the act of murder and will not waive confidentiality. No PD can testify. Therefore, this Ct will not consider any of his evidence in this matter. His RCr 8.08 motion to enter guilty plea is in the record as is the video tape of his GP.

Final judgment was entered on August 20, 2001, sentencing Appellant to twenty years in prison. He appeals to this Court as a matter of right. Ky. Const. § 110(2)(b).

■ Criminal Rule 8.10 provides, *inter alia*, that "[a]t any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." However, the word "may" in RCr 8.10 does not give a trial judge unfettered discretion to deny a motion to withdraw a guilty plea without affording the defendant a hearing on the motion. Our case law is clear that the discretion to deny a motion to withdraw a guilty plea exists only after a determination has been made that the plea was *voluntary*. If the plea was *involuntary*, the motion to withdraw it must be granted. *Haight v. Commonwealth*, Ky., 760 S.W.2d 84, 88 (1988); *Allen v. Walter*, Ky. 534 S.W.2d 453, 455 (1976); *Wood v. Commonwealth*, Ky., 469 S.W.2d 765, 766

(1971). Federal cases are in accord. *United States v. Teller*, 762 F.2d 569, 578 (7th Cir.1985); *Hammond v. United States*, 528 F.2d 15, 18–19 (4th Cir.1975); *Cooks v. United States*, 461 F.2d 530, 532 (5th Cir.1972).

■ Appellant asserted in his RCr 8.10 motion that his plea was involuntary because it was coerced by counsel and was the product of ineffective assistance of counsel. Both theories were supported by affidavits filed in support of the motion. In *Adams v. Tuggle*, 300 Ky. 751, 189 S.W.2d 601 (1945), our predecessor Court recognized that undue influence in the form of duress would be evidence of involuntariness (though no duress was found in that case). *Id.* at 602. And in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), it was stated that "mental coercion overbearing the will of the defendant" would suffice (though no such mental coercion was found in that case). *Id.* at 750, 90 S.Ct. at 1470. In *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), it was held that "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Id.* at 344, 100 S.Ct. at 1716 (*citing McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970)). The line running through all of these cases is that the voluntariness of a guilty plea "can be determined only by considering all of the relevant circumstances surrounding it." *Brady v. United States*, *supra*, at 749, 90 S.Ct. at 1469 (*citing Haynes v. Washington*, 373 U.S. 503, 513, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513 (1963)); *Leyra v. Denno*, 347 U.S. 556, 558 74 S.Ct. 716, 717, 98 L.Ed. 948 (1954). In *Bronk v. Commonwealth*, Ky., 58 S.W.3d 482 (2001), we referred to this as the "totality of the circumstances surrounding the guilty plea."

*Id.* at 486. Generally, an evaluation of the circumstances supporting or refuting claims of coercion and ineffective assistance of counsel requires an inquiry into what transpired between attorney and client that led to the entry of the plea, *i.e.,* an evidentiary hearing.

 The trial judge in this case did not conclude that an evidentiary hearing on Appellant's motion was unnecessary but only that it was precluded by Appellant's refusal to execute a written waiver of his lawyer-client privilege. However, a written waiver is superfluous with respect to the issues raised in Appellant's motion because waiver of the lawyer/client privilege is implied and automatic "[w]here a client testifies against the attorney, as where a defendant testifies adversely to his attorney's competence or alleges attorney misconduct ...." 81 Am.Jur.2d, *Witnesses* § 353 (1992). Such has long been the law of Kentucky. *E.g., Sanborn v. Commonwealth,* Ky., 975 S.W.2d 905, 910 (1998); *Gall v. Commonwealth,* Ky., 702 S.W.2d 37, 44–45 (1985); *Harris v. Commonwealth,* Ky.App., 688 S.W.2d 338, 340 (1984). That principle is also embodied in KRE 503(d)(3) (no privilege exists with respect to a communication relevant to an issue of breach of duty by a lawyer to the client) and appears to be universally accepted. *E.g., Hunt v. Blackburn,* 128 U.S. 464, 470, 9 S.Ct. 125, 127, 32 L.Ed. 488 (1888) (privilege waived where client claimed to have been deceived by her attorney with respect to her property rights); *Farnsworth v. Sanford,* 115 F.2d 375, 377 (5th Cir.1940) (privilege waived where client claimed plea of nolo contendere was induced by misconduct of counsel); *United States v. Monti,* 100 F.Supp. 209, 212 (E.D.N.Y.1951) (privilege waived where client claimed he was coerced by counsel to plead guilty); *In Re Gray,* 123 Cal.App.3d 614, 176 Cal.Rptr. 721, 723

(1981) (no privilege as to matters put in issue in habeas corpus proceeding where competency of counsel is at issue); *Doughty v. United States,* 574 A.2d 1342, 1343 (D.C.Ct.App.1990) (privilege waived where client claimed he was induced to plead guilty by attorney's incompetent advice); *Moore v. State,* 231 Ind. 690, 111 N.E.2d 47, 49 (1953) (privilege waived where client claimed he was coerced by attorney to plead guilty); *State ex rel. Schuler v. Tahash,* 278 Minn. 302, 154 N.W.2d 200, 205 (1967) (privilege impliedly waived where client testified to communications with attorney in support of motion to withdraw guilty plea).

 Of course, the waiver applies only as to matters put in issue by the client's motion. *In re Gray, supra; cf. Combs v. Commonwealth,* Ky., 74 S.W.3d 738, 742 (2002) (witness does not, by testifying to certain matters, waive his/her Fifth Amendment privilege with respect to other, unrelated matters). For example, if Appellant testified that he was coerced by counsel to plead guilty to this murder charge, he would not thereby waive his lawyer/client privilege with respect to communications with his attorney concerning his possible participation in other, unrelated criminal conduct. Thus, Appellant appropriately declined to execute a blanket waiver of his lawyer/client privilege, and no legal authority has been cited supporting a proposition that the execution of such a document is a precondition to entitlement to an evidentiary hearing on a motion asserting that a guilty plea was the product of attorney misconduct.

 Finally, we reject the Commonwealth's assertion that claims of ineffective assistance of counsel can be asserted only in a collateral attack via RCr 11.42. To the contrary, nothing precludes raising the issue either in a motion for a new trial or, as here, in a motion to set aside a plea of

guilty so long as there is sufficient evidence in the trial record or adduced at a post-trial evidentiary hearing to make a proper determination. *Humphrey v. Commonwealth,* Ky., 962 S.W.2d 870, 872–73 (1998). We note that *Bronk, supra,* was a direct appeal from a denial of a motion to set aside a guilty plea on grounds of ineffective assistance of counsel.

Accordingly, the judgment of the Christian Circuit Court is reversed and this case is remanded with directions to hold an evidentiary hearing on Appellant's motion; to make a determination based on the "totality of the circumstances" whether Appellant's guilty plea was involuntary; and, if so, to permit Appellant to withdraw that plea and reinstate his previous plea of not guilty. Of course, if it is determined from the "totality of the circumstances" that the plea was voluntary, Appellant's motion should be overruled on its merits and the previous judgment reinstated.

LAMBERT, C.J.; GRAVES, JOHNSTONE, KELLER, and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents because there was no abuse of discretion in refusing an evidentiary hearing.