# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: AUGUST 26, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2020-SC-0015-MR

ABDULLAH R. WHITE                                APPELLANT

V.               ON APPEAL FROM LARUE CIRCUIT COURT
HONORABLE JOHN DAVID SEAY, JUDGE
NO. 12-CR-00002

COMMONWEALTH OF KENTUCKY                APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Appellant Abdullah White entered an *Alford*[1] plea to murder and pled guilty to other crimes. He moved the Larue Circuit Court to allow him to withdraw his plea prior to sentencing. After an evidentiary hearing to determine the voluntariness of White's plea, the Larue Circuit Court denied his motion and sentenced him to forty-five years in prison. White appeals the denial of his motion to withdraw his guilty plea. Upon review, we affirm the Larue Circuit Court's judgment.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

## FACTUAL AND PROCEDURAL BACKGROUND

A Larue County grand jury indicted White on fourteen counts, one of which was murder.[2] The Commonwealth elected to seek the death penalty for the murder charge. White entered into a plea agreement with the Commonwealth and pled guilty to four crimes: 1) murder; 2) complicity to theft by unlawful taking; 3) complicity to tampering with physical evidence, and 4) complicity to receiving stolen property. As to the murder charge White pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). He was sentenced in accordance with his plea agreement to a total of forty-five years in prison: thirty years for murder and five years on each of the three complicity crimes.

Soon after he entered the plea White contacted his attorneys to move the trial court to allow his withdrawal of the plea, but the attorneys did not do so. The trial court vacated White's conviction after an evidentiary hearing. While White argued that his plea was not voluntary, the trial court was not persuaded. The trial court vacated the conviction because of the ineffective

---

[2] The original indictment charged White with committing: Count 1) second degree burglary; Count 2) theft by unlawful taking-automobile; Count 3) complicity to theft by unlawful taking; and Count 4) being a persistent felony offender in the second degree. The amended indictment charged White with committing: Count 5) murder; Count 6) first degree burglary; Count 7) complicity to first degree burglary; Count 8) tampering with physical evidence; Count 9) complicity to tampering with physical evidence; Count 10) tampering with physical evidence; Count 11) complicity to tampering with physical evidence; Count 12) receiving stolen property; Count 13) complicity to receiving stolen property; and Count 14) being a persistent felony offender in the first degree.

assistance of White's counsel, i.e., their failure to file a motion to withdraw the plea.

After his conviction was vacated, White moved the trial court to allow him to withdraw his guilty plea. White again argued that his plea was involuntary, the grounds being that he pled guilty under extreme mental and emotional duress and undue pressure. He also argued that his plea was tainted by the ineffective assistance of his trial attorneys. He moved the court, if it found the plea to be voluntary, to exercise its discretion under Kentucky Rule of Criminal Procedure (RCr) 8.10 and allow him to withdraw the plea. After an evidentiary hearing, the trial court denied the motion and sentenced White according to the plea agreement. White now appeals the denial of his motion to withdraw his guilty plea.

## ANALYSIS

Although White pled guilty to four crimes, his *Alford* plea to the murder charge is at the heart of his appeal. White argues that by not granting his motion to withdraw his guilty plea, the trial court erred because his plea was not voluntary due to pressure from his counsel and his mother to plead guilty and due to medication usage at the time of the plea. He further argues that even if his plea was voluntary, the trial court abused its discretion because despite his guilty plea, he maintained his innocence and was reluctant to plead guilty.

A guilty plea is valid if it is entered voluntarily and intelligently by the defendant. *Brady v. United States,* 397 U.S. 742 (1970). In determining the

validity of the plea, "[t]he standard [is] whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31 (citations omitted). "An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* at 37. Consequently, a defendant who chooses to enter an *Alford* plea does so despite his protestations of innocence in light of the various alternatives available to him at the time.

RCr 8.10 provides that the trial court *may* permit a defendant to withdraw a guilty plea before judgment. However, upon the trial court finding that the plea was not voluntarily made, then the motion to withdraw the plea must be granted. *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002) (citations omitted). "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). "Of course, the agents of the State may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750.

> Because of the factual determinations inherent in this evaluation, Kentucky appellate courts have recognized that "the trial court is in the best position to determine if there was any reluctance, misunderstanding, involuntariness, or incompetence to plead guilty" at the time of the guilty plea and [is] in a "superior position to judge [witnesses'] credibility and the weight to be given their testimony" at an evidentiary hearing. Accordingly, this Court reviews a trial court's ruling on a defendant's motion to withdraw his guilty plea only for abuse of discretion by "ascertain[ing] whether the court below acted erroneously in denying that appellant's pleas were made involuntarily."

4

*Bronk v. Commonwealth*, 58 S.W.3d 482, 487 (Ky. 2001) (internal footnotes omitted). The trial court's findings of facts are reviewed for clear error, i.e., whether the determination was supported by substantial evidence. *Rodriguez*, 87 S.W.3d at 10–11.

White asserts his plea was involuntary, partly due to the ineffective assistance of counsel. To succeed on the claim, White "must demonstrate that: (1) defense counsel's performance fell outside the wide range of professionally competent assistance; and that (2) a reasonable probability exists that, but for the deficient performance of counsel, [he] would not have pled guilty, but would have insisted on going to trial." *Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016) (citing *Strickland v. Washington*, 466 U.S. 668 (1984); *Bronk*, 58 S.W.3d at 486–87). "[T]he trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea." *Bronk*, 58 S.W.3d at 487.

White particularly asserts that he was coerced into the guilty plea by his trial counsel telling him that if he went to trial, he would get an all-white jury, that he would be found guilty, and that he would get the death penalty. He also claims that his plea was involuntary based on his testimony that he was on mental health medications on the day he entered the plea.

The trial court's findings of fact do not reflect that trial counsel's advice was presented in the absolute terms described by White. Upon review of the

hearing and as stated by the trial court, trial counsel testified that she discussed the ramifications of the racial issues in the case, that she informed White at the time he was considering whether to enter a guilty plea that he would likely have an all-white jury, be convicted of murder, and receive the death penalty. Quoting *Edmonds v. Commonwealth*, 189 S.W.3d 558, 570 (Ky. 2006), which similarly dealt with an attorney's assessment and advice regarding the chance of being tried by a jury without members of the defendant's race, that trial court concluded that White's trial counsel did not place undue pressure on White but was rather fulfilling her ethical obligation to fully inform her client of his options and the possible consequences of those options. We conclude the trial court's findings of fact were not clearly erroneous and supported the trial court's conclusion of law. White fails to show that his trial counsel's performance fell outside the wide range of professionally competent assistance, putting to rest his claim that his plea was involuntary due to ineffective assistance of counsel.

White also claims the trial court erred by not finding that he was pressured by his mother to enter the guilty plea so that information about his past sexual abuse while a child would not come to light during trial. White's mother testified to the contrary during the second evidentiary hearing. The trial court found her testimony credible. With substantial evidence supporting its finding and credibility determination resting with the trial court, we conclude the trial court properly found that White did not experience the

6

pressure alleged and thus the family pressure allegation did not provide a reason to grant White's motion.[3]

As to White's claim that his plea was involuntary because he was on mental health medication on the day he entered the plea, the trial court conducted an extensive plea colloquy when White entered his guilty plea. Part of that exchange was reviewing White's past mental health treatment, which led into the trial court questioning whether at that time White was experiencing any problems thinking or reasoning or was physically sick or ill in any way. White denied any problems and stated he believed he fully understood what was happening in his case. Having already concluded after the first evidentiary hearing that White failed to show his plea was not voluntary, the trial court was not persuaded by White's mental health testimony at the second evidentiary hearing that his plea was not voluntary. The court's finding is proper under the clearly erroneous standard, and like the preceding claim, his allegation regarding the medication usage did not provide a reason to grant White's motion.

White argues that even if the plea was voluntarily made, the trial court abused its discretion under RCr 8.10 by not granting his motion. The test for an abuse of discretion is whether the trial court's decision is arbitrary,

---

[3] Even if the trial court had found that White's mother pressured him to enter the plea agreement, the trial court would not have necessarily found White's plea was involuntary based upon that finding. *See Dorsey v. Commonwealth*, 565 S.W.3d 569, 577–78 (Ky. 2018) (In the context of an RCr 11.42 motion, Dorsey claimed that his mother pressured him to accept the plea deal. This Court concluded that Dorsey's mother may have encouraged Dorsey to accept the plea deal, but her influence did not constitute coercion.).

unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). White particularly argues that as a matter of fairness, the trial court should have granted his motion because he asked for counsel's assistance to withdraw his guilty plea within 24-hours of entering it and he maintained his innocence and was repeatedly reluctant to enter a guilty plea during the colloquy. However, as the trial court considered the circumstances of White's case to not warrant a plea withdrawal and found White's plea to be voluntary, we cannot find the trial court abused its discretion by denying his motion.

Lastly, White asks this Court to provide more guidance to the trial courts for judging when to grant a motion to withdraw a guilty plea. He advocates that Kentucky should adopt a more liberal approach when deciding whether to allow a guilty plea to be withdrawn prior to sentencing. Citing *State v. Phelps*, 329 S.W.3d 436, 446 (Tenn. 2010) (quoting *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008)), White promotes the seven-factor test used by the Sixth Circuit Court of Appeals, those factors being:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

White advocates this test because he views Kentucky as not liberally and freely allowing defendants to withdraw guilty pleas. However, as RCr 8.10 allows a

8

court to exercise its discretion when deciding a motion to withdraw a plea, Kentucky maintains a liberal approach and it is within the trial court's province to consider factors like those advocated by White. We find no compelling reason to alter Kentucky's approach to dealing with guilty plea withdrawal prior to judgment.

## CONCLUSION

For the foregoing reasons, the Larue Circuit Court's judgment is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Robert Chung-Hua Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Kenneth Wayne Riggs
Assistant Attorney General