# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: APRIL 18, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0108-MR

WILLIAM DULWORTH          APPELLANT

ON APPEAL FROM LOGAN CIRCUIT COURT
V.        HONORABLE JOE W. HENDRICKS JR., JUDGE
NO. 21-CR-00404

COMMONWEALTH OF KENTUCKY          APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

William Edward Dulworth accepted a plea offer from the Commonwealth and pled guilty to numerous sex offenses. After Dulworth's final sentencing, he filed this appeal arguing the trial court should have appointed conflict counsel and conducted an evidentiary hearing on that issue. Upon review, we affirm the judgment of the trial court.

## I.    FACTS AND PROCEDURAL HISTORY

On September 24, 2021, Dulworth was indicted by a Logan County grand jury for Prohibited use of Electronic Communication System to Procure a Minor; Possessing a Matter Portraying Sexual Performance by a Minor; Use of a Minor in a Sexual Performance, under sixteen years of age; and the indictment

was later amended, by agreed order, to add an additional count of Possession of Matter Portraying a Sexual Performance by a Minor.

These charges were based on Dulworth's solicitation of nude photographs and videos from a thirteen-year-old girl while he posed as a juvenile online. Dulworth was thirty-five years old at the time. The Commonwealth offered a plea deal wherein Dulworth would plead guilty to all charges and in turn would receive a total sentence of twenty-five years.[1] Dulworth accepted this offer from the Commonwealth and entered a plea of guilty on August 16, 2022.

After Dulworth signed the plea agreement and a motion to enter a guilty plea, the trial court conducted a plea colloquy wherein Dulworth informed the court that he understood the nature of the charges against him; that he understood he was waiving certain constitutional rights; that he had read and understood the terms of the plea agreement as well as the motion to enter a guilty plea, and that his attorney had gone over the terms of the plea agreement with him. The trial court also discussed each charge, the recommended sentence for each charge as well as the recommended total sentence of twenty-five years. After going over the terms of the plea agreement the trial court asked Dulworth if that was his understanding of the plea agreement. Dulworth answered in the affirmative. Dulworth then pled guilty to the charges and the trial court set the case for a final sentencing and ordered

---

[1] As part of this agreement, Dulworth would receive ten years on the Use of a Minor in a Sexual Performance and an additional five years on the remaining three counts, all to be run consecutive to each other.

Dulworth to undergo a sexual offender risk assessment (SORA) as well as a pre-sentence investigation (PSI).

On December 1, 2022, during Dulworth's final sentencing, the trial court took note of several statements Dulworth made in the SORA to the examiner. The court read aloud some of Dulworth's statements from the SORA such as "I don't know nothing." Also, when he was confronted by the examiner with statements he purportedly made to police during the investigation, Dulworth stated "I don't remember saying some of that stuff." Dulworth also stated to the examiner that "the prosecutor threatened him and lied to him. That his attorney hadn't done nothing for me," and that "he felt forced and rushed regarding signing the plea agreement, and he believes that the plea agreement he signed is for sixteen years."

The trial court noted that there was no final judgment yet, so the court asked Dulworth if he thought he did not enter his plea freely, knowingly, intelligently, and voluntarily.

**Trial Court**: I just need to know do you feel like you knew what you were doing when you entered this plea?

**Dulworth:** Yeah.

**Trial Court:** You do?

**Dulworth:** Yeah

**Trial Court:** So, you are aware that you pled guilty and agreed to it, whether it is probated or not is still up to me ultimately, but you understood that the agreement was for twenty-five years, and the Commonwealth was opposed to probation, is that right?

**Dulworth:** I thought it was sixteen.

3

**Trial Court:** You thought it was sixteen or twenty-five?

**Dulworth:** I don't know I thought it was sixteen, but because.

**Trial Court:** That is a big difference.

**Dulworth:** They amended it down or something.

The Commonwealth interrupted to inform the trial court that Dulworth would not be eligible for probation as he had pled guilty to a violent offense rendering him statutorily ineligible to receive probation. The Commonwealth also speculated that Dulworth's confusion regarding the length of his sentence could be based on confusion regarding credit for time served or his parole eligibility. The trial court offered Dulworth the choice to withdraw his guilty plea and proceed to trial or to stick with the plea agreement.

> **Trial Court:** I am going to give you the opportunity to ask me, do you want to set aside your plea agreement, at this time, and go to trial? Or do you want to stick with plea agreement you made?
>
> **Dulworth:** Stick with it.
>
> **Trial Court:** You want to stick with it?
>
> **Defense Counsel:** Absolutely you can choose to go to trial, we can get you a different attorney if you would prefer somebody in the office if you felt like I pressured you or you felt like . . . .
>
> **Dulworth:** Ain't nobody pressuring nobody.[2]
>
> **Defense Counsel:** Or if you felt like I haven't been fully honest I can absolutely accommodate. There's actions you can take against me for that. I will have no hard feelings.
>
> **Dulworth:** I think you done everything you could.

---

[2] Dulworth's use of triple negatives notwithstanding, this Court interprets this answer to mean that no one pressured him.

At that point, the trial court asked Dulworth why he told the examiner that his attorney had not done anything for him. Dulworth answered that he did not mean it like that but that he did not always come to see him. The trial court asked if he went over the evidence, discovery, and defenses available at trial, to which Dulworth replied that he had. The trial court then asked once more "So you do not wish at this time to back out of your plea agreement, set a trial date, you don't want to do that?" Dulworth again answered that he did not. The trial court then sentenced Dulworth to twenty-five years per the terms of the plea agreement that he had signed. We now address the merits of the appeal.

## II.    ANALYSIS

Dulworth claims the trial court erred when it failed to hold an evidentiary hearing and appoint conflict counsel. Dulworth acknowledges that this issue is unpreserved and urges this court to apply palpable error review under RCr[3] 10.26.

For an error to be palpable it must be "easily perceptible, plain, obvious and readily noticeable." *Brewer v. Commonwealth,* 206 S.W.3d 343, 349 (Ky. 2006) (quoting *Burns v. Level,* 957 S.W.2d 218, 222 (Ky. 1997)). An unpreserved error may be corrected on appeal if failure to do so would cause a manifest injustice. *Commonwealth v. Goss,* 428 S.W.3d 619, 626-27 (Ky. 2014). Such an error if uncorrected, would create a likelihood of a different result, or would call into question the defendant's right to due process. *Id.* at 627.

---

[3] The Kentucky Rules of Criminal Procedure.

Dulworth contends the trial court erred by not conducting a full-fledged evidentiary hearing in order to determine whether Dulworth's plea should be withdrawn. The Kentucky Rules of Criminal Procedure allow a trial court to permit the withdrawal of a guilty plea before entry of final judgment. RCr 8.10. "At any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." *Id.* Whether to grant a defendant's motion pursuant to RCr 8.10 is within the sound discretion of the trial court, however if the defendant alleges that his plea was involuntary then the defendant is entitled to a hearing on said motion. *Rodriquez v. Commonwealth,* 87 S.W.3d 8, 11 (Ky. 2002). The decision by the sentencing court is fact dependent therefore the trial court's determination will not be disturbed unless it was clearly erroneous. *Id.* at 10–11).

Dulworth's argument that the trial court should have granted him an evidentiary hearing to determine whether his plea should be withdrawn fails based on the fact that Dulworth made no motion, oral or otherwise, to withdraw his plea. Dulworth only expressed dissatisfaction with his experience of the criminal justice system with the examiner who conducted and authored his SORA report. The trial court, after having read the report, made considerable effort to determine whether Dulworth wanted to proceed with the sentencing or whether to withdraw his plea and proceed to trial. In fact, the trial court asked Dulworth more than once how he wished to proceed. Dulworth proceeded to walk back all of his assertions he made to the SORA

6

examiner save one, namely, Dulworth's contention at his sentencing that he thought the total sentence was for sixteen years instead of the agreed upon twenty-five years. As noted above, however, when Dulworth entered his plea on August 16, 2022, the trial court went over the terms of the plea agreement and asked Dulworth if he understood that the total sentence was for twenty-five years, to which Dulworth replied in the affirmative. Dulworth never told the court why he thought his plea deal was for sixteen years and he never told the court that his attorney was responsible for his erroneous belief. But as this Court held previously:

> [I]f the information given by the court at the [plea] hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."

*Edmonds v. Commonwealth,* 189 S.W.3d 558, 568 (Ky. 2006) (quoting *United States v. Lambey,* 974 F.2d 1389, 1395 (4th Cir. 1992)). Here we have a defendant who understood at the time of the entry of his plea that his total sentence was twenty-five years. But at the time of his final sentencing, nearly four months later, he appears confused. Whether Dulworth was being disingenuous is difficult for this Court to discern but as this Court approvingly quoted from *Lambey, supra,* "the criminal justice system must be able to rely on the . . . dialogue between the court and the defendant." *Id.* This same logic applies when considering the trial court's repeated solicitations to Dulworth as to whether he wished to withdraw his guilty plea as well. Dulworth cites no authority that a trial court must divine the secret unexpressed desires of the

7

defendant, especially when that defendant insists on sticking with the original plea agreement. As such this Court is in no position to hold that the trial court's decision was clear error, and certainly not palpable in the sense it was "easily perceptible, plain, obvious and readily noticeable."[4] *Brewer,* 206 S.W.3d at 349.

Dulworth next contends that conflict counsel should have been appointed to assist him during the evidentiary hearing that Dulworth insists he was entitled. Dulworth cites this Court's decision in *Zapata v. Commonwealth,* where we held that:

> If a defendant has entered a guilty plea and, before entry of final judgment, **desires to seek to withdraw that plea,** whether because it was allegedly entered in error, under duress, or other reason, he is entitled to the assistance of counsel in making such a request." *Tigue,* 459 S.W.3d at 386. We made it clear in *Tigue* that "counsel's refusal to assist a client, at least in some circumstances, has the same effect—a complete denial of counsel—as counsel's physical absence or being prevented from assisting." *Id.* at 385. "To stand silent and refuse to act on a decision that is personal to the defendant is no different than not being present at all. It is a complete denial of counsel." *Id.* at 386.

516 S.W.3d 799, 802 (Ky. 2017) (emphasis added). Had Dulworth actually moved to withdraw his plea, then he would have been entitled to the appointment of conflict counsel during this critical stage of the proceeding. Dulworth's defense counsel repeatedly asked whether he wished to have another attorney to represent him while the trial court gave Dulworth every opportunity to reconsider his plea. Presently, it appears that Dulworth has

---

[4] Even Dulworth concedes in his brief on page 9, "Even though William did not move to withdraw his guilty plea. . . ."

8

regrets. Since he failed to take advantage of the opportunity the trial court afforded him to withdraw his plea, then he must enjoy the benefit of that bargain now. As such, the trial court committed no error, palpable or otherwise, when it sentenced Dulworth according to the terms of the plea agreement.

### III. CONCLUSION

Based on the foregoing, we find no error when the trial court failed to grant Dulworth an evidentiary hearing and appoint conflict counsel. Therefore, we hereby affirm the judgment of the Logan Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Kayley Barnes
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General