RENDERED:  JUNE 13, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0043-MR

COMMONWEALTH OF KENTUCKY                                        APPELLANT


                    APPEAL FROM HOPKINS CIRCUIT COURT
v.             HONORABLE ANDREA L. MOORE, SPECIAL JUDGE
                    ACTION NO. 14-CR-00166


NORMAN BARASSI                                                          APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, L. JONES, AND KAREM, JUDGES.

JONES, L., JUDGE:  The Commonwealth of Kentucky brings this appeal from a

December 11, 2023 Order of the Hopkins Circuit Court granting Norman Barassi's

Motion to Vacate Sentence and Judgment Pursuant to Kentucky Rules of Criminal

Procedure (RCr) 11.42. We affirm.

## BACKGROUND

On June 14, 2014, Barassi was indicted by a Hopkins County Grand Jury upon one count of murder and one count of tampering with physical evidence following the stabbing death of P.J. Phelps. Barassi claimed another individual, Zach McPeak, committed the murder and that Barassi only attempted to intervene. Before trial, McPeak pled guilty to complicity to commit first-degree manslaughter in exchange for testifying against Barassi. A jury trial ensued. Barassi was found guilty of murder and tampering with physical evidence; he was sentenced to life imprisonment. Barassi pursued a direct appeal to the Kentucky Supreme Court, which affirmed his conviction. *Barassi v. Commonwealth*, No. 2017-SC-000158-MR, 2018 WL 896897 (Ky. Feb. 15, 2018).

On April 13, 2020, Barassi filed a *pro se* RCr 11.42 motion to vacate his sentence of imprisonment and for an evidentiary hearing. The trial court denied both motions and Barassi filed a timely notice of appeal. By Opinion rendered September 3, 2021, *Barassi v. Commonwealth*, No. 2020-CA-0844-MR, 2021 WL 3949098 (Ky. App. Sep. 3, 2021), another panel of this Court affirmed in part, reversed in part, and remanded to the trial court for an evidentiary hearing upon the issue of whether trial counsel rendered ineffective assistance. More particularly, this Court affirmed the trial court's rulings except as to Barassi's claim that trial counsel rendered ineffective assistance of counsel by coercing him

to testify. In its September 3, 2021 Opinion, this Court stated: "[t]he issue of whether trial counsel coerced Barassi to testify and whether, had he not testified, there is a reasonable probability of a different outcome cannot be determined from the face of the record. Therefore, the trial court erred in not granting an evidentiary hearing on this issue." *Id.* at 6.

Upon remand, the trial court conducted an evidentiary hearing. In addition to Barassi's own testimony, the only other witness to testify was Barassi's trial counsel. In a December 11, 2023 Order granting Barassi a new trial, the trial court stated the following:

> The Court, having heard the facts elicited at the evidentiary hearing, is deeply troubled by the conduct of [trial counsel] during Defendant's trial. The Court is concerned about [trial counsel's] contemporaneous trial notes that indicate Defendant had to testify. Further, to hammer the point home, [trial counsel] thought it would be necessary to tell the jury that Defendant did not want to testify AND that it was [trial counsel's] decision for him to testify. Although this disclaimer was never presented to the jury, the concern remains why the notes, essentially statements against [trial counsel's] interest, would be written in the first place if the statements were not true.
>
> . . .
>
> Defendant's coerced testimony prejudiced the defense in a couple different ways. To begin, the Court must address another deficiency in [trial counsel's] representation that was outside the purview of the instructions provided to the Court on remand. The facts elicited at the evidentiary hearing indicate that [trial

-3-

counsel] failed to review the court record and discovery prior to trial. Had [trial counsel] done so, Defendant would not have been impeached with phone calls that were recorded while Defendant was incarcerated prior to trial. Further, [trial counsel] would have been familiar with a letter penned by Defendant to the then-presiding judge that was in the court file. This letter was also inconsistent with the testimony [Defendant] provided at trial. Finally, [trial counsel] testified that his theory of the entire case had to change once Defendant began to testify. The theory changed because the evidence shows that [trial counsel] did not properly prepare Defendant to testify. There was no indication that Defendant was properly prepared to confront direct and cross examination.

Therefore, the Court can only conclude that Defendant's defense was prejudiced by [trial counsel's] deficiencies. The result is that Defendant has met his burden and has established convincingly that he has been deprived of some substantial right, namely the Fifth Amendment, which justifies the extraordinary relief afforded by post-conviction proceedings, as set forth in *Hodge*.

December 11, 2023 Order at 4-6.

In sum, the trial court ultimately concluded that trial counsel rendered ineffective assistance of counsel and that Barassi suffered prejudice as a result. The trial court specifically noted that trial counsel failed to review the court record and the discovery prior to trial, including the recorded jail phone conversations. Accordingly, the trial court granted Barassi's motion to vacate judgment and for a new trial pursuant to RCr 11.42. This appeal follows.

## STANDARD OF REVIEW

In this Commonwealth, we evaluate claims of ineffective assistance of counsel pursuant to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and adopted by this Commonwealth in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). This standard was reiterated more recently in *Commonwealth v. Bussell*, 226 S.W.3d 96 (Ky. 2007) as follows:

> The standard by which we measure ineffective assistance of counsel is found in *Strickland v. Washington*, [466 U.S. 668]. A claim of ineffective assistance of counsel requires a showing that counsel's performance "fell below an objective standard of reasonableness," and was so prejudicial that the defendant has been deprived "of a fair trial and reasonable result." "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won."

> Thus, [defendant] must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." The "reasonable probability" standard of *Strickland* is the same "reasonable probability" standard used to prove a *Brady* violation, *viz.*, a "probability sufficient to undermine confidence in the outcome." However, the purpose of RCr 11.42 is not to provide an opportunity to conduct a fishing expedition for grievances, but rather to "provide a forum for known grievances."

> There is "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." As a reviewing court, we "must focus on the totality of evidence before the judge or jury

and assess the overall performance of counsel throughout the case in order to determine whether the identified acts or omissions overcome the presumption that counsel rendered reasonable professional assistance."

*Id.* at 103 (footnotes and citations omitted). Furthermore, upon review of an appeal granting a postconviction motion to vacate, set aside, or correct sentence, a reviewing court "must defer to the findings of fact and determinations of witness credibility made by the trial judge. Thus, unless the trial court's findings of fact are clearly erroneous, those findings must stand." *Id.* at 99 (citations omitted).

## CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

The Commonwealth asserts the trial court erred in determining trial counsel provided ineffective assistant of counsel by failing to review the discovery and by coercing Barassi to testify at trial on his own behalf.

At the hearing on the RCr 11.42 motion, Barassi's trial counsel acknowledged he did not review the discovery in this case. More specifically, trial counsel admitted he had not reviewed the recorded phone calls Barassi made from the jail while incarcerated. Had trial counsel reviewed the phone recordings, he would have been aware of the conversation wherein Barassi told his cousin that he had disposed of the murder weapon (knife) by throwing it in the pond where the victim's body was located. Being unaware of the recorded phone conversations, counsel advised Barassi that if he wanted to be acquitted of tampering with

-6-

physical evidence, his testimony could not place the murder weapon in his hands. Failure to review the recorded phone conversations resulted in the Commonwealth impeaching Barassi with the recording of him stating he had disposed of the murder weapon by throwing it in the pond. Not only did this error lead to Barassi's conviction upon tampering with physical evidence, it also likely damaged Barassi's overall credibility which was certainly prejudicial and may have contributed to Barassi's conviction upon the murder charge as well.

After reviewing the record on appeal, we believe the trial court properly concluded Barassi's trial counsel was deficient as his service fell below the objective standard of reasonableness thereby depriving Barassi of a fair trial. *See Bussell*, 226 S.W.3d at 103. We, likewise, conclude there is a reasonable probability that but for counsel's unprofessional errors the result of the trial would have been different. *See id.* If Barassi had not testified, the jury may not have learned of Barassi's recorded statement admitting he had thrown the knife in the pond. As the Commonwealth only introduced the jail phone call to impeach Barassi, and did not introduce it in its case-in-chief, the jury would not have known. But for this error, there is a reasonable probability that Barassi would not have been convicted of tampering with physical evidence or murder. It is also likely that Barassi's credibility was damaged by the impeachment.

Having considered trial counsel's overall performance throughout the trial, including both his acts and omissions, we believe that the presumption of reasonable professional assistance has been overcome. Thus, we believe the trial court properly determined that trial counsel rendered ineffective assistance by failing to review the discovery and by coercing Barassi to testify at trial.

The Commonwealth next contends the trial court erred by denying its request to review all of trial counsel's notes made during trial. More specifically, the Commonwealth asserts the trial court erred by only allowing it to view the one page of counsel's trial notes that Barassi introduced at the hearing rather than the entire forty-one pages of trial notes. Barassi, on the other hand, asserts that trial counsel's remaining notes made during trial are protected by the attorney-client privilege.

Attorney-client privilege is governed by Kentucky Rule of Evidence (KRE) 503, which provides: "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client . . . ." KRE 503(b); *Stinnett v. Commonwealth*, 364 S.W.3d 70, 86 (Ky. 2011). It is well settled that the attorney-client privilege may be waived by the client. And, a client is said to have waived the privilege where he "voluntarily discloses or consents to disclosure of any significant part of the privilege[d] matter." *Id.* at 86

(internal quotation marks and citation omitted). A waiver of the attorney-client privilege can be express or implied. And, a waiver of the attorney-client privilege is implied where a client testifies regarding his attorney's alleged misconduct. KRE 503(d)(3) specifically provides there is no privilege "[a]s to a communication relevant to an issue of breach of duty by a lawyer to the client or by a client to the lawyer[.]" However, "the waiver applies only as to matters put in issue by the client's motion." *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 11 (Ky. 2002).

In the case *sub judice*, Barassi introduced one page of notes that trial counsel made during trial. At the evidentiary hearing, counsel acknowledged that he had advised Barassi that it was unlikely he would be convicted of murder but that he would likely be convicted of tampering with physical evidence. Barassi apparently responded that he did not want to be convicted of anything. Trial counsel advised Barassi that to avoid conviction on the tampering with physical evidence charge, Barassi would need to testify. Particularly relevant to this issue, counsel made the following notations during trial: (1) Barassi "has to testify;" (2) Barassi "needs to keep answers short[,] answer briefly & then get to next question;" (3) Barassi "told he has to testify[,] told him to do his best to keep it short;" and (4) "Closing – Tell jury [Barassi] did not want to testify but I told him he had to." Trial Record, Vol. I Supp., at 54.

Counsel's trial notes were clearly subject to the attorney-client privilege. And, by alleging that trial counsel's performance was deficient, Barassi impliedly waived the privilege. However, waiver of the privilege only applies to matters put in issue by Barassi's motion. Therefore, Barassi only waived the privilege as to the trial notes concerning whether counsel coerced him to testify. Thus, we do not believe that the Commonwealth was entitled to the entirety of counsel's trial notes. As such, we believe that the trial court properly excluded the remaining forty-one pages of trial attorney Boling's trial notes.

## WHETHER TRIAL COURT'S FINDINGS OF FACT WERE CLEARLY ERRONEOUS

The Commonwealth also asserts the trial court erroneously found that counsel coerced Barassi to testify at trial. More particularly, the Commonwealth maintains that several of the circuit court's findings of fact on this issue were not supported by substantial evidence and, thus, were clearly erroneous. We disagree.

It is well established that where an evidentiary hearing was conducted on a claim of ineffective assistance of counsel that a trial court's findings of fact are reviewed under the clearly erroneous standard. Kentucky Rule of Civil Procedure 52.01; *Johnson v. Commonwealth*, 180 S.W.3d 494, 498 (Ky. App. 2005) (citation omitted).

In this case, the trial court's determination regarding whether counsel coerced Barassi to testify was based upon the testimony of both parties. Counsel

testified that he believed the jury was buying his theory of the case, which was why would Barassi "kill the cook." In other words, why would Barassi want to kill the person that was making the methamphetamine for distribution. If the jury believed counsel's theory of the case, then Barassi would be acquitted of the murder charge. Counsel testified he told Barassi that it was his belief Barassi would not be convicted upon the murder charge but believed he could be convicted of tampering with physical evidence. Counsel testified that Barassi responded that he did not want to be convicted of any crime. Counsel then told Barassi that he had to testify. Counsel further advised Barassi that his testimony could not place the murder weapon in his hands. However, counsel had not reviewed the discovery in the case, including the recorded jail phone conversations. Thus, counsel was not aware there was a recorded conversation of Barassi stating he had thrown the knife in the pond where the victim's body was found.

Barassi, on the other hand, testified that he had not planned to testify until his trial counsel told him he had to testify. And, counsel's trial notes certainly substantiated Barassi's claim that his attorney told Barassi he had to testify. Therefore, we believe there was substantial evidence to support the trial court's finding that Boling coerced Barassi to testify. We are likewise mindful that trial courts are in the best position to judge the weight and credibility of a witness's testimony; therefore, such decision will not be second-guessed by this Court on

-11-

appeal. *See Bussell*, 226 S.W.3d at 101. The trial court ultimately found the evidence presented at the hearing established counsel coerced Barassi to testify and we believe that finding is supported by substantial evidence. *See id.*

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, we affirm the trial court's December 11, 2023 Order granting the motion to vacate Barassi's judgment and sentence.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Andrea Reed
Frankfort, Kentucky